## MICHAEL GEORGE YOUNG *v.* STATE OF MARYLAND

[No. 51, September Term, 1972.]

*Decided July 10, 1972.*

The cause was argued before MORTON, ORTH and MOY-LAN, JJ.

*Thomas C. Hayden, Jr.,* for appellant.

*Gilbert Rosenthal, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *John C. Hancock, State's Attorney for Charles County,* on the brief, for appellee.

MOYLAN, J., delivered the opinion of the Court.

The conviction of the appellant, Michael George Young, for armed robbery in the Circuit Court for Charles County by a jury, presided over by Judge James C. Mitchell, poses the question of What, if any, sanction is available for non-compliance with Article 27, Section 591?

Chapter 212 of the Acts of 1971, effective July 1, 1971, added a new section, Section 591, to Article 27, dealing with "Crimes and Punishments," of the Annotated Code of Maryland. It reads:

> "(a) Within two weeks after the arraignment of a person accused of a criminal offense, or within two weeks after the filing of an appearance of counsel or the appointment of counsel for an accused in any criminal matter, whichever shall occur first, a judge or other designated official of the Circuit Court or the Criminal Court of Baltimore City in which the matter is pending, shall set a date for the trial of the case, which date shall be not later than six months from the date of the arraignment of the person accused or the appearance or the appointment of counsel for the accused whichever occurs first. The date established for the trial of the matter shall not be postponed except for extraordinary cause shown by the moving party and only with the permission of the

administrative judge of the court where the matter is pending.

(b) The judges of the Court of Appeals of Maryland are authorized to establish additional rules of practice and procedure for the implementation of this Section in the Criminal Court of Baltimore City and in the various circuit courts throughout the State of Maryland."

The Seventh Circuit promulgated its own local Rule 527 a, which further provided:

"All motions for continuances must be made to the trial judge to whom the action is assigned, if on the day of trial, or in writing and presented to the judge currently handling continuances if prior to the date of trial."

The case at bar was initiated prior to the effective date of the new law. The armed robbery in question occurred on May 29, 1971. The appellant was indicted on June 4, 1971. He was arraigned on June 10, 1971. His case was set for trial on July 29, 1971, twenty-nine days after the new law was to be in effect. We think that from July 1, 1971, forward, the proper procedures to be followed in the granting of all continuances and postponements would be those consonant with the newly enacted provisions of Section 591.

Notwithstanding those provisions, the appellant received notice from the State's Attorney sometime shortly before July 29, 1971, that his case had been continued indefinitely. On September 24, 1971, he received notice from the State's Attorney that the case had been set for trial on October 14, 1971. On September 28, 1971, he moved that the court dismiss the indictment against him on the grounds that Article 27, Section 591, and Seventh Circuit Rule 527 had not been complied with. On October 13, 1971, the appellant received telephoned notice from the State's Attorney that the case had been removed from the trial calendar for the following day. It was subse-

quently reset for October 28, 1971, on which date the trial did take place. Before trial, the appellant amended his motion to dismiss to include the second instance of non-compliance. Judge Mitchell denied the motion to dismiss, and it is from that denial that the appellant here appeals.

In outlining the procedures to be followed with respect to continuances and postponements, we read the legislative language to be directory, and not mandatory. The Legislature did not explicitly provide the extreme sanction of dismissal of an indictment for administrative non-compliance. We cannot conclude that so extreme a sanction was implicit in the legislative act.

An appreciation of the growing problem of criminal court backlogs on a nationwide scale makes evident the purpose of the Legislature in enacting the new provision. Prior to the new law, it was by no means certain what official or what agency bore the primary responsibility for managing and supervising the criminal trial docket. In many jurisdictions in this State, that responsibility was borne by the local State's Attorney's Office. The clear purpose of Section 591 is to fix that responsibility. It makes it plain that the court shall exercise supervisory control over the criminal assignment. It sets out guidelines for the court to follow in exercising its new (or newly articulated) administrative responsibilities. While the State's Attorney, as is his constitutional prerogative, maintains control over the handling of an individual case, the handling of the general criminal assignment rests with the court. This is consonant with its general right to control its own calendar.

The ultimate prejudice to an individual defendant, sufficient to call for the final sanction of dismissing an indictment, is still measured, however, against the standards of the speedy trial provisions of the Sixth Amendment and of Article 21 of the Maryland Declaration of Rights. Non-compliance with Section 591 is unquestionably a factor, but only a single factor, to be considered in the interplay of all the factors that go to resolve the

question of whether a defendant has been denied his right to a speedy trial. *State v. Lawless*, 13 Md. App. 220.

In *King v. State*, 5 Md. App. 652, we dealt with an analogous situation. There the Intrastate Detainer Act called for trial, under certain conditions, within 120 days of the request for trial properly communicated to the prosecuting attorney. We there pointed out that that legislative act contained no sanction calling for the dismissal of an indictment and that we would not presume one. In a similar vein, we have ruled that non-compliance with Maryland Rule 728 pertaining to discovery and inspection provides no sanction of dismissal of an indictment for non-compliance, and that we will not presume such a sanction to exist where none has been provided. *Brunson v. State*, 9 Md. App. 1; *Jackson v. State*, 8 Md. App. 260.

In dismissing the appellant's motion to dismiss at the trial level, Judge Mitchell gave his interpretation of the new provision:

> "However, we think that these matters are administrative procedure designed to facilitate the scheduling, the operation of the Court and to put on the record exactly what happened in these cases and that failure to comply does not get to the substantive rights of the party who is complaining for non-compliance.
>
> There is no allegation here that because of this non-compliance with administrative procedure, Rule, that this Defendant has been denied speedy trial or due process of law.
>
> The indictment was only returned June 4, 1971 and two cases have been or two previous dates have been assigned for the trial and for the reasons which have been pointed out here trial did not materialize on those dates but here within—well, within five months of the return of the indictment the case is ready to go to trial.

712

For those reasons we think the motion to dismiss for the grounds alleged must be denied."

We are persuaded that his interpretation was the correct one.

*Order denying motion to dismiss affirmed.*