UNITED STATES COIN AND CURRENCY IN THE
AMOUNT OF $21,162.00 ET AL. *v.* DIRECTOR
OF FINANCE OF BALTIMORE CITY

[No. 81, September Term, 1976.]

*Decided January 13, 1977.*

The cause was argued before SINGLEY, SMITH, DIGGES,
LEVINE, ELDRIDGE and ORTH, JJ.

*Robert V. Lazzaro* for appellants.

*A. Gus Mastracci, Assistant City Solicitor,* with whom
were *Benjamin L. Brown, City Solicitor,* and *Harry S.
Swartzwelder, Jr., Associate Solicitor,* on the brief, for
appellee.

DIGGES, J., delivered the opinion of the Court.

We are here presented with a narrow question, and find
that the answer becomes self-evident by simply reading a
section of the Maryland Code. The question is whether

appellee Director of Finance of Baltimore City may obtain title to $21,162 seized by the city police in a gambling raid, even though he failed to file his forfeiture petition within the time frame set out in § 264 of Article 27. Md. Code (1957, 1976 Repl. Vol.). We determine that by inaction the director forfeited his rights with respect to this coin and currency; consequently, we will reverse the order of the Baltimore City Court vesting title to that money in the city.

We relate the pertinent happenings which give rise to this dispute: Samuel and Annie Mae Wells, husband and wife, reside at 116 North Smallwood Street in Baltimore City. Together they operate a small store known as Annie's Grocery located at 2149 West Lexington Street, a couple of blocks from their home. On July 11, 1975, the Baltimore City Police conducted simultaneous searches of the store and home, finding lottery slips in the former and lottery pay-off records in a first floor closet of the latter. Additionally, in the course of searching the second floor of the residence, the police located, and seized as contraband, a shopping bag which contained $21,162 in currency, food stamps having a value of $319, and personal checks totaling $490.49. The record discloses that on September 16, 1975, both Mr. and Mrs. Wells were found guilty of violating the lottery laws and on that day each was sentenced to pay a substantial fine. No appeal was noted by either defendant. The Director of Finance on January 13, 1976, some 119 days later, filed a petition in the Baltimore City Court for the forfeiture of the $21,162 seized by the police.

Section 264 of Article 27, the statute governing the disposition of cash seized by police officers in connection with an arrest for a violation of the gambling or lottery laws, in pertinent part[1] provides:

> (c) *Forfeiture upon conviction.* — If the trial or other ultimate disposition of such charge or charges, indictment or indictments, results in a

---

1. The Director of Finance's apparent suggestion that subsection (d) in some way creates an estoppel here or tolls the 90-day limitation in subsection (c) is wholly without substance, since subsection (d) is applicable only to dispositions of seized property upon acquittal.

record of conviction being entered against the person or persons so arrested, in connection with which the said money, currency, or cash may have been so seized or captured, the county treasurer of the county or director of finance in Baltimore City, *shall within ninety days from the date of the record of the entry of such conviction, unless the case is appealed to an appellate court, make application to the circuit court of the county, for an order declaring and ordering that such money, currency or cash in the custody of the director of finance or county treasurer shall be forfeited to the sole use and gain of the county or city.* The court to which any such application has been directed shall establish to its satisfaction that there is no pending and undetermined suit or proceeding which has been filed in any court of competent jurisdiction, against the director of finance or treasurer, seeking a return or recovery of the money, currency or cash so held in custody, before the court shall proceed so to order a forfeiture of such money, currency or cash to the county.

(1) All applications for the forfeiture of contraband shall be by petition . . . . [(Emphasis supplied.)]

We note that § 264 (c) was amended by Chapter 666 of the Laws of 1974, whereby the legislature substituted the present "shall within ninety days" language for what had previously been "may, after one month." This change, considered in light of the principle that the use of the word "shall" ordinarily is presumed mandatory (but may not be if the context indicates otherwise), *see Maryland St. Bar Ass'n v. Frank,* 272 Md. 528, 533, 325 A. 2d 718, 721 (1974), together with the further principle that forfeitures "are considered harsh extractions, odious, and to be avoided where possible," *Commercial Credit Corp. v. State,* 258 Md. 192, 199, 265 A. 2d 748, 752 (1970), leads us to the conclusion that the General Assembly has now mandated that the right to institute a proceeding for the forfeiture of seized contraband

has as a condition precedent that the petition be filed within the 90-day period set out in the statute. *See Geppi v. State,* 270 Md. 239, 245, 310 A. 2d 768, 771 (1973).

Given the factors present in this case, *i.e.,* the establishment of guilt and the imposition of sentence both having been recorded more than 90 days prior to the filing of the petition by the Director of Finance, and no appeal having been noted by the convicted defendants, we have no choice but to conclude that the petition must be dismissed as untimely.[2] Accepting as true that the appellee indicated an intention within the 90-day period to claim a forfeiture, we hold that such an intention, no matter how manifested by the governmental agency, will not act as an effective substitute for the actual filing of a petition.

> *Order reversed and case remanded to the Baltimore City Court with direction to dismiss the petition.*
>
> *Costs to be paid by the Director of Finance of Baltimore City.*

---

**2.** In so holding, we leave for another day our determination whether under other circumstances there exists an "ultimate disposition of the charge" resulting "in a record of conviction" so as to trigger the running of the 90-day period within which the appropriate governmental officer must file his forfeiture petition, as well as the effect on the computation of that time period when an appeal is noted.