# IN RE: JAMES S.

[No. 107, September Term, 1979.]

*Decided January 29, 1980.*

The cause was argued before SMITH, DIGGES, ELDRIDGE, COLE and DAVIDSON, JJ.

*F. Ford Loker, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County,* and *John Duncan, Assistant State's Attorney for Montgomery County,* on the brief, for appellant.

*Martha Weisheit, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellee.

SMITH, J., delivered the opinion of the Court.

We shall here affirm the determination of a trial judge that the word "shall" as used in Maryland Code (1974, 1979 Cum. Supp.) § 3-812 (b), Courts and Judicial Proceedings Article, is mandatory. The section in question, a part of Subtitle 8 entitled "Juvenile Causes," is concerned with provisions for filing a petition. Section 3-812 states in pertinent part:

> (a) A petition shall allege that a child is either delinquent, or in need of assistance, or in need of supervision. If it alleges delinquency, it shall set forth in clear and simple language the alleged facts which constitute the delinquency, and shall also specify the laws allegedly violated by the child. If it alleges that the child is in need of assistance or in need of supervision, the petition shall set forth in clear and simple language the alleged facts supporting that allegation.
>
> (b) Petitions alleging delinquency ... shall be prepared and filed by the State's attorney. A petition alleging delinquency shall be filed within 15 days after the receipt of a referral from the intake officer. All other petitions shall be prepared and filed by the intake officer.

As originally enacted by Chapter 554 of the Acts of 1975, which completely revised the statutes pertaining to juvenile causes, § 3-812 (b) read:

> (b) Petitions alleging delinquency shall be

> prepared and filed by the State's attorney. All other petitions shall be prepared and filed by the intake officer.

The statute was enacted in its present form by Chapter 814 of the Acts of 1978.

The incidents in which the juvenile was involved took place on January 11, 1979, and February 4, 1979. On February 14 the juvenile intake officer referred the charges in one incident to the State's Attorney for Montgomery County for the filing of charges. It was filed on March 5. The trial judge dismissed that petition without prejudice because of the failure of the State's Attorney to comply with the time limitations specified in § 3-812 (b). A new referral was made and new petition filed on April 6. In the other incident the referral took place on February 27 and the petition was filed on April 12.

A motion to dismiss one petition was made on the basis of the time lag between February 27 and April 12. A motion was made to dismiss the other petition, claiming, as it was put by the trial judge, "that the new filing of the old petition did not cure the defect under the interpretation of Section 812 (b) of the Courts and Judicial Proceedings Article." The trial judge said:

> The Court has reviewed the Juvenile Causes Act and notes that the words "may" and "shall" are used in various sections of the Juvenile Causes Act, Section 3-810 (d), 3-810 (f) and 3-815 (c) contain the word "shall" but however the legislature made provisions for an extension of the time limits by the Court. Had the legislature intended a more flexible time period in Section 3-812 (b) the legislature would have used the word "may" or would have allowed for an extension of the 15 day time limit. No such extension appears to be allowed under Section 3-812 (b).
>
> It is of utmost importance and interest that the 1978 amendment to Section 3-812 (b) added the 15 day time limit based upon the request of the Maryland Judicial Conference Committee on

Juvenile and Family Law in order to avoid the delays that were present in the Juvenile Justice System by the failure of the timely filing of delinquency petitions.

The Court concludes that the provisions of Section 3-812 (b) ... sets forth a specific mandatory time period within which the State's Attorney must file a delinquency petition. Failure to so file within the time so prescribed mandates that these petitions be dismissed ....

The State entered an appeal to the Court of Special Appeals. We granted certiorari prior to the hearing in that court.

We discussed statutory construction in *Police Comm'r v. Dowling,* 281 Md. 412, 379 A.2d 1007 (1977). A number of cases were cited for each of the statements there made. That which is pertinent to the case at bar includes:

The cardinal rule of statutory construction is to ascertain and carry out the real legislative intent. In determining that intent the Court considers the language of an enactment in its natural and ordinary signification.... A corollary to this rule is that if there is no ambiguity or obscurity in the language of a statute, there is usually no need to look elsewhere to ascertain the intent of the General Assembly.... A court may not insert or omit words to make a statute express an intention not evidenced in its original form.... The General Assembly is presumed to have had, and acted with respect to, full knowledge and information as to prior and existing law and legislation on the subject of the statute and the policy of the prior law.... Absent a clear indication to the contrary, a statute, if reasonably possible, is to be read so that no word, clause, sentence or phrase is rendered surplusage, superfluous, meaningless, or nugatory .... [*Id.* at 418-19.]

See also *Board v. Stephans,* 286 Md. 384, 388, 408 A.2d 1017

(1979); *Harbor Island Marina v. Calvert Co.,* 286 Md. 303, 407 A.2d 738 (1979); and *Baltimore Gas & Elec. v. Department,* 284 Md. 216, 219, 395 A.2d 1174 (1979).

At oral argument the State conceded that lexicographers view the word "shall" as mandatory in meaning when used in the third person. It urges us, however, that we should interpret it as directory in nature, that here it means "do the best you can."

Guidelines for determining whether a statute is mandatory or directory are set forth in 1A C. Sands, *Sutherland Statutory Construction* § 25.04 (4th ed. 1972):

> Although the question whether a statute should be given mandatory or less than mandatory effect is, in every case, one of statutory construction with respect to which all of the rules and principles of construction are applicable, some special guidelines are recognizable.
>
> Certain forms and types of statutes are generally considered mandatory. Unless the context otherwise indicates the use of the word "shall" (except in its future tense) indicates a mandatory intent. And even the permissive word "may" is interpreted as mandatory when the duty is imposed upon a public official and his act is for the benefit of a private individual.
>
> The directory character of a statute may likewise be indicated by the purpose of a statute and the manner in which its purpose is expressed. Thus it was said: "Where words are affirmative, and relate to the manner in which the power or jurisdiction vested in a public officer or body is to be exercised, and not to the limits of the power or jurisdiction itself, they may and often have been construed as directory; . . ." Likewise, where the time, or manner of performing the action directed by the statute is not essential to the purpose of the statute, provisions in regard to time or method are generally interpreted as directory only.

Something in the nature of a presumption favoring a mandatory interpretation is suggested by judicial expressions that a statute is to be so interpreted unless its directory or discretionary character "clearly appears."

Finally, it deserves to be noted that the differences between mandatory and directory, or between prohibitory and permissive, represent a continuum involving matter of degree instead of separate, mutually exclusive characteristics. It has been said, for example, that because a statute has been classified for some purposes as directory does not mean that for all purposes it can "be ignored at will." [*Id.* at 301.]

The State points to the fact that Maryland Constitution Article IV, § 15 states that opinions of this Court "shall be filed within three months after the argument, or submission of the cause . . . ." From this it argues that since we have determined this constitutional provision to be directory, we should so regard this statute. We have in fact construed that constitutional provision and the similar provision relative to circuit courts (Art. IV, § 23) as being directory. See the discussion in *Resetar v. State Bd. of Education,* 284 Md. 537, 548-50, 399 A.2d 225, *cert. denied,* 444 U.S. 838, 100 S. Ct. 74 (1979). In *Resetar* we quoted from *McCall's Ferry Co. v. Price,* 108 Md. 96, 69 A. 832 (1908), where a motion for reargument was filed on the ground that the Court's opinion was not filed within three months. The Court said in *McCall's:*

The object of the constitutional provision is to have prompt decisions of causes, and no one can justly complain of unnecessary delay by this Court in filing opinions and deciding cases before it. It certainly would not be within either the letter or the spirit of this provision to grant a reargument, because an opinion had not been filed within three months — thereby causing further delay. [*Id.* at 113.]

To construe those provisions as mandatory so that reargument would be required or that the cause would be

dismissed would be to penalize litigants for circumstances beyond their control. The duty imposed by this statute is upon the attorney for one of the litigants, the State's Attorney of the particular county who represents the people of the county in the contention that the juvenile is a delinquent, not upon the arbiter of the controversy.

This Court most recently considered the word "shall" to be mandatory in *State v. Hicks,* 285 Md. 310, 403 A.2d 356 (1979). That case involved interpretation of Maryland Rule 746 which in turn was based on Maryland Code (1957, 1976 Repl. Vol.) Art. 27, § 591 relative to prompt trial of criminal charges in the circuit courts and the Criminal Court of Baltimore. In the opinion on the motion for reconsideration we said:

> Under settled principles of statutory construction, the word "shall" is ordinarily presumed to have a mandatory meaning. *Johnson v. State,* 282 Md. 314, 321, 384 A.2d 709 (1978); *Moss v. Director,* 279 Md. 561, 564-565, 369 A.2d 1011 (1977); *United States Coin & Currency v. Dir.,* 279 Md. 185, 187, 367 A.2d 1243 (1977); *Bright v. Unsat. C. & J. Fund Bd.,* 275 Md. 165, 169-170, 338 A.2d 248 (1975), and cases there cited. Moreover, if it were intended that the deadline for trial of the case was not mandatory and could be overlooked whenever convenient, there would have been no necessity for the further provision in the statute and rule requiring "extraordinary cause" and permission of the county administrative judge for an extension of the deadline. [*Id.* at 334.]

In *Johnson v. State,* 282 Md. 314, 384 A.2d 709 (1978), we were faced with a violation by the police of then Maryland District Rule 709 (a) (now 723 (a)) stating, "A defendant shall be taken before a . . . judicial officer without unnecessary delay and in no event later than the earlier of (1) twenty-four hours after arrest or (2) the first session of court after . . . arrest . . . ." In that case the elapsed time between the defendant's arrest and his appearance before a commissioner was over 24 hours. The first session of court after his arrest

was long before the time when he was taken before the commissioner. The accused had been interrogated during a part of this period. Citing *Moss v. Director,* 279 Md. 561, 564-65, 369 A.2d 1011 (1977), and *Bright v. Unsat. C. & J. Fund Bd.,* 275 Md. 165, 169, 338 A.2d 248 (1975), Judge Levine pointed out for the Court that on numerous occasions we had stated "that in the absence of a contrary contextual indication, the use of the word 'shall' is presumed to have a mandatory meaning ... and thus denotes an imperative obligation inconsistent with the exercise of discretion." *Id.* at 321. He also said, "In interpreting the rules of criminal procedure, our practice has been to avoid semantic nicety and to adopt that interpretation which will best implement the policies underlying the particular rule." *Id.*

*Moss* concerned the failure of the State to bring an alleged defective delinquent "forthwith" before the court as required by Code (1957, 1976 Repl. Vol.) Art. 31B, § 8 (a). Judge Digges said for the Court:

> It is now a familiar principle of statutory construction in this State that use of the word "shall" is presumed mandatory unless its context would indicate otherwise, [citing cases] and in this case we discern no indication in Section 8 or elsewhere in the Act that the General Assembly intended this time proviso to be directory only. [*Id.* at 564-65.]

*United States Coin & Currency v. Dir.,* 279 Md. 185, 367 A.2d 1243 (1977), involved the attempt of the Director of Finance of Baltimore City to obtain forfeiture of cash recovered in a gambling raid which ultimately resulted in a conviction. Code (1957, 1976 Repl. Vol.) Art. 27, § 264 (c) provided that if there were a conviction then the "director of finance in Baltimore City, shall within ninety days" (with exceptions not applicable there) "make application ... for an order declaring and ordering that such money ... shall be forfeited to the sole use and gain of the ... city." The petition was filed 119 days after the conviction. Judge Digges pointed out for the Court "the principle that the use of the word 'shall'

ordinarily is presumed mandatory (but may not be if the context indicates otherwise) . . . ." *Id.* at 187.

There are cases in which the word "shall" in the context there used has been found to be directory. For instance, in *Maryland St. Bar Ass'n v. Frank,* 272 Md. 528, 325 A.2d 718 (1974), we were concerned with the provision in Code (1957, 1968 Repl. Vol.) Art. 10, §§ 12 and 13 requiring a bar association or State's attorney "to prosecute the charges . . . on a day specified [by order of court] . . ., which day shall not be less than fifteen or more than sixty days from the date of said order," and a hearing held approximately five months after the. disbarment petition was filed. In that case we referred to presumptions which we had set forth in *Balliet v. Balto. Co. Bar Ass'n,* 259 Md. 474, 270 A.2d 465 (1970), the third of which was that the procedural aspects of those sections had not been superseded by Rules BV4 and BV5 where no specific time limits are placed. In this context Judge Digges said for the Court:

> While it is true that the word "shall" appears in the statute as it pertains to the sixty-day time limitation, nevertheless, after again making the first and third assumptions mentioned in *Balliet* and further assuming that the sixty-day limit refers to completion rather than initiation of "prosecution," we now hold that this time check is not mandatory but directory, and thus there is no loss of jurisdiction to pass upon the bar association's petition. Although, ordinarily the use of the word "shall" indicates a mandatory provision and therefore it is presumed that the word is used with that meaning, this is not so if the context indicates otherwise, as we believe it does here. *Ginnavan v. Silverstone,* 246 Md. 500, 505, 229 A.2d 124 (1967). Though not controlling, we think it is of some significance in this regard that the language of the statute provides no penalty for failure to act within the time prescribed. Of more importance, it is clear that the broad policy of the law regulating conduct of attorneys authorized to practice law in this State is designed for the

protection of the public, *Maryland St. Bar Ass'n v. Agnew,* 271 Md. 543, 549, 318 A.2d 811 (1974), and that purpose would be largely vitiated if respondent's restrictive interpretation were to prevail. These assertions justify the conclusion, we think, that the legislature intended the time direction of the statute to be directory and not mandatory. This result is in accord with the previous decisions of this Court which have considered the use of the word "shall" to be directory when used in similar statutes or rules. See *Pressley v. Warden,* 242 Md. 405, 406-07, 219 A.2d 25 (1966) (judge did not render decision within two months after case was argued or submitted as required by Art. IV, § 23 of the Maryland Constitution and by Rule 18 a); *Holt v. Warden,* 223 Md. 654, 657, 162 A.2d 743 (1960) (sentence not passed within two-month period); *Myers v. State,* 218 Md. 49, 51, 145 A.2d 228 (1958), *cert. denied,* 359 U.S. 945 (1959) (writ of error *coram nobis* not ruled on until after two months had elapsed); *Snyder v. Cearfoss,* 186 Md. 360, 370, 46 A.2d 607 (1946) (ruling on a motion for new trial not given until two months after the date of hearing). [*Id.* at 533-34.]

We are struck by the similarity between the language used in the statute here under consideration and that in the various limitations of actions found in Code (1974, 1979 Cum. Supp.) Title 5, Subtitle 1, Courts and Judicial Proceedings Article. Here the words "shall be filed within 15 days" are used. In each of those sections the words "shall be filed" or "shall be instituted" within a specified period of time are used. For instance, § 5-101 specifies, "A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." Section 5-105 provides, "An action for assault, battery, libel, or slander shall be filed within one year from the date it accrues." Section 5-106 (c) states, "A prosecution for Sabbath breaking or drunkenness shall be instituted within 30 days after the

offense was committed," while § 5-106 (a) says, "Except as provided by this section, a prosecution for a misdemeanor not made punishable by confinement in the penitentiary by statute shall be instituted within one year after the offense was committed." Section 5-107 requires that "[a] prosecution or suit for a fine, penalty, or forfeiture shall be instituted within one year after the offense was committed." The wording used in these sections is but little changed from that previously appearing in Code (1957) Art. 57 where, for instance, § 12 states, "All actions or prosecutions for blasphemy and Sabbath breaking, or drunkenness shall be made within one month after the fact." No one would contend seriously that the language of these limitations statutes is directory rather than mandatory.

The General Assembly has made plain in the juvenile causes subtitle its desire that such matters proceed expeditiously. For instance, in § 3-810 (b) it is provided that in considering a complaint "the intake officer shall make a preliminary inquiry within 15 days as to whether the court has jurisdiction and whether judicial action is in the best interests of the public or the child." Provision is made for an "informal adjustment process." Section 3-810 (f) states, "The informal adjustment process shall not exceed 90 days unless that time is extended by the court." If a complaint alleges the commission of a delinquent act and the intake officer denies authorization to file a petition, § 3-810 (h) specifies that "the complainant, within 15 days of personal notice to him, or the mailing to his last known address of the denial, may appeal the denial to the State's attorney." It then goes on to state that if the State's attorney concludes that the court has jurisdiction and that judicial action is in the best interests of the public or the child, he may file a petition which "shall be filed within 15 days of the receipt of the complainant's appeal." Further provision is made in § 3-810 (i) if the complaint does not allege the commission of a delinquent act, for the complainant "within 15 days of personal notice to him or the mailing to his last known address of the denial" to "submit the denial for review by the regional supervisor of the intake officer." This supervisor then is allowed 15 days

for his review. If he directs the filing of a petition, this "shall be filed within five days of the decision." Yet other time limits appear in the act. For instance, § 3-815 (c) states, "Detention and shelter care shall not be ordered for a period of more than 30 days unless an adjudicatory or waiver hearing is held." We point to these sections merely to indicate the legislative scheme.

As we have already quoted from *Police Comm'r v. Dowling, supra,* "A court may not insert or omit words to make a statute express an intention not evidenced in its original form." *Id.* 281 Md. at 419. To like effect see *Frank v. Baltimore County,* 284 Md. 655, 661, 399 A.2d 250 (1979); *Harden v. Mass Transit Adm.,* 277 Md. 399, 406, 354 A.2d 817 (1976); *Patapsco Trailer v. Eastern Freight.,* 271 Md. 558, 563-64, 318 A.2d 817 (1974); and *Giant of Md. v. State's Attorney,* 267 Md. 501, 512, 298 A.2d 427, *appeal dismissed,* 412 U.S. 915 (1973).

We see this statute as clearly and unambiguously requiring that a petition alleging delinquency must be filed within 15 days after the receipt of a referral from the intake officer. We view this as entirely within the scheme set down in the act for expediting juvenile matters. Once the issue of a tardy filing was raised here, dismissal of the delinquency petition was mandated. Thus, it is virtually the same as the dismissal required in the case of an ordinary civil action filed three years and one day "from the date it accrues" or a prosecution for assault (a common law misdemeanor not required by statute to be punished by confinement in a penitentiary) instituted a year and a day after the offense was committed. This can only mean dismissal with prejudice. We point out that when the General Assembly intended a dismissal under the Intrastate Detainer Act to be without prejudice, it said so specifically. See Code (1957, 1976 Repl. Vol., 1979 Cum. Supp.) Art. 27, § 616S (e).

We are told of many problems that may be created if we hold this provision to be mandatory. We do not deny that such might be the case, but the General Assembly is in session and it no doubt will take prompt corrective action if it does not

mean the sections to be mandatory. It is our duty to interpret the statute in accordance with the established law of this State.

*Judgment affirmed; Montgomery County to pay the costs.*