DIRECTOR OF FINANCE OF PRINCE GEORGE'S
COUNTY, MARYLAND ET AL. *v.* RICHARD
DENMEADE COLE ET AL.

[No. 802, September Term, 1980.]

*Decided May 11, 1981.*

The cause was argued before THOMPSON, LOWE and COUCH,
JJ.

*Steven M. Gilbert, Associate County Attorney,* with whom
were *Robert B. Ostrom, County Attorney,* and *Michael O.
Connaughton, Deputy County Attorney,* on the brief, for
appellants.

*Alan J. Goldstein,* with whom were *Horowitz, Oneglia,
Goldstein, Foran & Parker, P.A.* on the brief, for appellees.

THOMPSON, J., delivered the opinion of the Court.

Article 27, § 264 of the Annotated Code of Maryland (1957, 1976 Repl. Vol., 1980 Cum. Supp.) provides for the forfeiture to the state or local government of "money, currency, or cash" seized by its police officers in connection with arrests for illegal gambling. The issue on this appeal is whether, under this section, the court below, which correctly sustained a demurrer to a petition for forfeiture of money seized in connection with the arrest of the appellees herein for gambling offenses, erred in also ordering that the seized money be returned to the appellees. For the reasons set forth below, we hold it did.

On October 31, 1977, Richard Denmeade Cole, Cynthia Gezelle, and Edward George Busby, the appellees, were arrested in Prince George's County and charged with various gambling offenses. Incident to the arrest, the police seized $15,500 in cash, belonging to the appellees, along with gambling devices and paraphernalia. The money seized was turned over to the Director of Finance of Prince George's County (County), the appellant herein, and held, pending disposition of the charges, in accordance with § 264 (b). In January, 1980, a *nolle prosequi* was entered on all of the charges against the appellees; within 90 days thereafter the County filed a petition in the Circuit Court for Prince George's County seeking forfeiture of the seized money under § 264 (c). The appellees demurred to the petition on the grounds that it did not allege that they had been convicted of the gambling offenses for which they had been arrested and the court below sustained the demurrer. In addition, although the appellees had not filed a counter-claim or a separate action seeking return of the money, the court, "based on [its] inherent equity powers," ordered that the money be returned to the appellees. It is from this latter order that the County has appealed.

Section 264 (a) provides that "[w]henever any money, currency, or cash is seized or captured by any police officer in this State in connection with any arrest for ... [illegal gambling] ..., all such money ... shall be deemed prima

facie to be contraband of law as a gambling device or as a part of a gambling operation." This section further provides: "All rights, title, and interest in and to such money, . . . seized by the police . . . shall immediately vest in and to the local governments of the county, municipality, or Baltimore City, or if seized by State authorities, to the State, and no such money . . . shall be returned to any person . . . except as provided in this section."

Section 264 (c) provides that "[i]f the trial or other ultimate disposition of such charge . . . results in a record of conviction being entered against the person or persons so arrested, . . . the county treasurer . . . , shall within 90 days from the date of the record of the entry of such conviction, . . . make application to the . . . court . . . for an order declaring . . . that such money . . . shall be forfeited . . ."; manifestly, the entry of a conviction is a condition precedent to the filing of a petition for forfeiture by the County. As the County here concedes, the court below was correct in sustaining the appellee's demurrer where a *nolle prosequi* was entered as to the criminal charges against the appellees.

It does not necessarily follow that, because the County could not properly file a petition for forfeiture, the appellees were entitled to the return of the seized money. Although formerly § 264 (d) provided that "[i]f the trial or other ultimate disposition of such charge or charges . . . results in an acquittal or dismissal . . . the [money] shall be returned to the person . . . ," Md. Ann. Code Art. 27, § 264 (d) (1976 Repl. Vol.), and forfeiture could occur only if a conviction were obtained, *Gatewood v. State,* 264 Md. 301, 304, 285 A.2d 623 (1972), this subsection was amended by Chapter 720, *Laws of Maryland,* 1977.[1] Md. Ann. Code Art. 27, § 264 (d) now reads:

> "(1) Upon the ultimate disposition of such charge or charges, . . . resulting in acquittal, dismissal, a stet, [or] a nolle prosequi, . . . any person claiming that . . . the seized money . . . is not contraband of

---

1. Chapter 720 became effective July 1, 1977.

law under (a) and should be returned . . ., within one year . . . may make application . . . to the appropriate court for a determination that the money . . . is the property of the claimant and for an order that it be returned.

"(2) In a proceeding upon that application an acquittal, a dismissal, or a nolle prosequi with respect to the gambling charges . . . is prima facie evidence that it is not contraband. ***

"(3) If a petition is not timely and properly filed, or if it is finally decided against the claimant, the seized moneys not disposed of shall be forfeited to the custodian without further judicial action."

Under the present § 264 (d), money seized in connection with an arrest for illegal gambling is not automatically returned to the persons from whom it was seized when the charges are disposed of without a conviction. Rather, the money is to be returned only when the claimant files a petition for its return and proves that it is not contraband. While the dismissal of the charges against the claimant is *prima facie* evidence that the seized money is not contraband, the presumption thereby created is not conclusive. Although, absent a conviction, the county cannot properly file a petition for forfeiture, it may be able to obtain forfeiture when the claimant seeks return of the money by proving that the money is contraband. While the present statute is in some ways anomalous,[2] its language insofar as our problem is concerned is clear and free from ambiguity, and "[w]here the statutory language is clear, we are required to follow it." *City of Baltimore v. Rose,* 47 Md. App. 481, 487, 424 A.2d 160 (1981). *See also, State v. Fabritz,* 276 Md. 416, 421-22, 348 A.2d 275 (1975), *cert. denied,* 425 U.S. 942 (1976). The

---

**2.** If the individual arrested is convicted and thereafter neither he nor the government files a petition, after 90 days the government loses its right to petition and the money must be returned to the individual, *see,* United States Coin and Currency v. Director, 279 Md. 185, 367 A.2d 1243 (1977); if, on the other hand, the individual is acquitted and neither he nor the government petitions, after 1 year the money is automatically forfeited.

trial court erred in treating as dispositive the entry of a *nolle prosequi* of the charges against the appellees and in ordering the return of the money seized without requiring them to prove that it was not contraband.[3]

> *Order reversed.*
> *Appellees to pay the costs.*

---

3. Although § 264 (e) (4) provides that "[t]his section does not prohibit the trial judge after an acquittal or dismissal from ordering immediate return of all property seized," the appellees did not contend that this subsection is applicable here. We read the language "trial judge" as referring to the judge who presides at the criminal, as opposed to the forfeiture, proceeding.