527 A.2d 35

**In re KEITH W.**

**No. 46, Sept. Term, 1986.**

Court of Appeals of Maryland.

June 26, 1987.

Michael R. Braudes, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief) Baltimore, for appellant.

Valerie J. Smith, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., on the brief) Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH *, McAULIFFE and ADKINS, JJ.

COLE, Judge.

Today we must determine whether a juvenile petition should be dismissed because the juvenile's adjudicatory hearing was not held within the time period prescribed by Maryland Rule 914. The facts giving rise to this question can be stated briefly.

On June 12, 1985, the State filed a juvenile petition charging Keith W. with both possession of marijuana with intent to distribute and possession of marijuana. Thereafter, the State filed a petition for waiver of juvenile jurisdiction. On August 2, 1985, Judge Mitchell, sitting in the Juvenile Division of the Circuit Court for Baltimore City, denied the State's petition for waiver and scheduled Keith W.'s case for an adjudicatory hearing. The transcript [1] indicates that on August 26, 1985, the day scheduled for the adjudicatory hearing, the parties appeared before Master Kathryn E. Koshel. At that time the State sought a postponement of the proceedings due to the unavailability

---

* Couch, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

1. Our source for the facts surrounding the scheduling and postponement of Keith W.'s adjudicatory hearing is the transcript of the parties' arguments before Judge Mitchell in the Juvenile Division of the Circuit Court for Baltimore City. The record does not contain a transcript of either the August 26, 1985 or October 4, 1985, adjudicatory proceedings before Master Koshel. The State informs us that it is "normal procedure" to erase the tapes of adjudicatory hearings at the close of the exceptions hearing unless the *juvenile* makes a timely request that the tapes be preserved. (Appellee's Brief at 3, n. 1). As in *In re Dewayne H.,* 290 Md. 401, 403, 430 A.2d 76, 77–78 (1981), "[n]o effort was made [in this case] to have the record reconstructed by, for example, [obtaining] an affidavit from the master. Cf. *Kennedy v. State,* 289 Md. 54, 71–72, 421 A.2d 1376 (1980)."

of one of its witnesses.[2] The transcript further indicates that the master granted the State's request for a postponment over Keith W.'s general objection, and the parties agreed to reschedule the adjudicatory hearing for October 4, 1985. On that date, the transcript indicates that Keith W. asked the master to dismiss the State's petition because the adjudicatory hearing's postponement violated the time requirements of Maryland Rule 914. The master apparently denied the request, because she subsequently concluded that the facts sustained the charge of possession of marijuana with intent to distribute. Keith W.'s disposition hearing was held on November 14, 1985, at which time the master recommended that Keith W. be placed on probation, with certain conditions, for a period of one year.

Both parties filed exceptions to the master's disposition. The State objected to the master's recommendation of probation rather than commitment; Keith W. objected to the master's refusal to dismiss the State's petition on the ground that his adjudicatory hearing was not held within the time prescribed by Rule 914. Judge Mitchell denied both parties' exceptions in a written memorandum and opinion filed January 21, 1986. Keith W. appealed to the Court of Special Appeals. Recognizing the importance of the question presented, we granted certiorari on our own motion prior to a decision in the intermediate appellate court.

Maryland's juvenile law is embodied in Maryland Code (1974, 1984 Repl.Vol.) Title 3, Subtitle 8, Courts and Judicial Proceedings Article. Section 3–819(a) provides that, "[a]fter a petition or citation has been filed, ... the court shall hold an adjudicatory hearing." Maryland Rule 914, in part, provides for the scheduling of this adjudicatory hearing:

> An adjudicatory hearing shall be held within sixty days after the juvenile petition is served on the respondent

---

2. The record does not indicate whether the State was at fault for the witness's failure to appear.

unless a waiver petition is filed, in which case an adjudicatory hearing shall be held within thirty days after the court's decision to retain jurisdiction at the conclusion of the waiver hearing. However, upon motion made on the record within these time limits by the petitioner or the respondent, the administrative judge of the county or a judge designated by him, for extraordinary cause shown, may extend the time within which the adjudicatory hearing may be held. The judge shall state on the record the cause which requires an extension and specify the number of days of the extension.

The State concedes that Keith W.'s adjudicatory hearing was technically delinquent under Rule 914 because it was neither held within thirty days of August 2, 1985, nor postponed for extraordinary cause by an administrative judge or his designee as required by Rule 914. Nevertheless, the State argues that dismissal of its petition is an inappropriate sanction under the facts of this case. The State urges us, in determining the appropriate sanction, to adopt the totality of the circumstances test set forth in Maryland Rule 1–201. This Rule, entitled "Rules of Construction," provides, in part: "When a rule, by the word 'shall' or otherwise, mandates or prohibits conduct, ... [and] no consequences are prescribed [for noncompliance therewith], the court may compel compliance with the rule or may determine the consequences of the noncompliance in light of the totality of the circumstances and the purpose of the rule." As expected, the State contends that the totality of the circumstances surrounding the time extension for Keith W.'s adjudicatory hearing, coupled with the purpose of Rule 914, do not compel the harsh sanction of dismissal in the present case.

Keith W. argues that both the legislative history and the purpose of Rule 914 indicate that dismissal is the only appropriate sanction for a violation of Rule 914. He supports his argument by relying on *State v. Hicks*, 285 Md. 310, 403 A.2d 356 (1979) and *In re James S.*, 286 Md. 702, 410 A.2d 586 (1980). We find these cases inapposite and explain.

We begin by discussing Keith W.'s contention that our holding in *Hicks* requires dismissal as a sanction for every violation of Rule 914. This argument is unpersuasive. In *Hicks,* the trial court granted the criminal defendant's motion to dismiss on the basis that the State had failed to bring him to trial within 120 days of his attorney's appearance, as required by Rule 746. Rule 746 provided:

a. *General Provision.*

Within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the court pursuant to Rule 723 (Appearance—Provision for or Waiver of Counsel), a trial date shall be set which shall be not later than 120 days after the appearance or waiver of counsel or after the appearance of defendant before the court pursuant to Rule 723 (Appearance—Provision for or Waiver of Counsel).

b. *Change of Trial Date.*

Upon motion of a party made in writing or in open court and for extraordinary cause shown, the county administrative judge or a judge designated by him may grant a change of trial date.

*State v. Hicks,* 285 Md. at 312, 403 A.2d at 357.[3]

In reviewing the trial court's dismissal, we concluded that the provisions of Rule 746 were mandatory. More significantly, we found that dismissal was the appropriate sanction for the State's failure to bring Hicks to trial within the required 120–day period. Thus, in the instant case, Keith W. argues that because the language of Rule 914 is substantially similar to that of Rule 746, our *Hicks* holding applies to require dismissal for a violation of Rule 914. We do not agree.

While Rule 914 and Rule 746 contain nearly identical language, it does not necessarily follow that a violation of

---

**3.** Rule 746 was subsequently amended to substitute "180 days" for "120 days," *inter alia.* The Rule has since been amended without substantive change and is now Rule 4–271.

each rule justifies an identical sanction. We have previously recognized that a statute or rule may be mandatory and yet not require dismissal as a sanction for failure to comply with its provisions. *State v. One 1980 Harley Davidson Motorcycle,* 303 Md. 154, 160–62, 492 A.2d 896, 899–900 (1985); *State v. Werkheiser,* 299 Md. 529, 533, 538–39, 474 A.2d 898, 900, 903–04 (1984); *In re Dewayne H.,* 290 Md. 401, 405, 430 A.2d 76, 79 (1981); *State v. Hicks,* 285 Md. 310, 335, 403 A.2d 356, 369 (1979). Furthermore, Maryland appellate courts have repeatedly looked to the purpose of a statute or rule to determine whether dismissal is an appropriate sanction for a violation of its provisions. *See Ott v. Kaiser-Georgetown Community Health Plan, Inc.,* 309 Md. 641, 526 A.2d 46 (1987); *State v. Werkheiser,* 299 Md. at 533, 474 A.2d at 902–03; *In re Dewayne H.,* 290 Md. at 405, 430 A.2d at 79; *In re James S.,* 286 Md. 702, 710–13, 410 A.2d 586, 590–91 (1980); *Resetar v. State Bd. of Educ.,* 284 Md. 537, 547, 399 A.2d 225, 230, *cert. denied,* 444 U.S. 838, 100 S.Ct. 74, 62 L.Ed.2d 49 (1979); *Maryland State Bar Ass'n v. Frank,* 272 Md. 528, 533, 325 A.2d 718, 721 (1966); *King v. State,* 55 Md.App. 672, 679, 466 A.2d 1292, 1296, *aff'd,* 300 Md. 218, 477 A.2d 768 (1983); *People's Counsel v. Public Serv. Comm'n,* 52 Md.App. 715, 720, 451 A.2d 945, 948 (1982); *Harvey v. State,* 51 Md.App. 113, 116, 441 A.2d 1094, 1097, *cert. denied,* 293 Md. 616 (1982). *See also Parren v. State,* 309 Md. 260, 523 A.2d 597 (1987) (the purpose of Rule 4–215—to protect the defendant's constitutional right to counsel—requires that a defendant's waiver be deemed ineffective when the court fails to advise him of the penalties allowed for the crimes charged against him as required by Rule 4–215(a)(3)). In *Hicks,* we reached our conclusion that dismissal was an appropriate sanction for a violation of Rule 746 only after an extensive review of the purpose of that Rule. We found that the Rule was "intended to ... *put teeth into* a new regulation governing the assignment of criminal cases for trial." *State v. Hicks,* 285 Md. at 318, 403 A.2d at 360 (emphasis supplied). The statute governing the assignment of criminal cases for trial provided as follows:

(a) Within two weeks after the arraignment of a person accused of a criminal offense, or within two weeks after the filing of an appearance of counsel or the appointment of counsel for an accused in any criminal matter, whichever shall occur first, a judge or other designated official of the Circuit Court or the Criminal Court of Baltimore City in which the matter is pending, shall set a date for the trial of the case, which date shall be not later than six months from the date of the arraignment of the person accused or the appearance or the appointment of counsel for the accused whichever occurs first. The date established for the trial of the matter shall not be postponed except for extraordinary cause shown by the moving party and only with the permission of the administrative judge of the court where the matter is pending.

(b) The judges of the Court of Appeals of Maryland are authorized to establish additional rules of practice and procedure for the implementation of this section in the Criminal Court of Baltimore City and in the various circuit courts throughout the State of Maryland.

*Id.* at 315–16, 403 A.2d at 359 (quoting § 591, enacted by Ch. 212 of the Acts of 1971).

We recognized in *Hicks,* however, that the requirements of § 591 had been largely ignored, probably due to our summary approval of the Court of Special Appeals's decision in *Young v. State,* 15 Md.App. 707, 292 A.2d 137, *aff'd mem.,* 266 Md. 438, 294 A.2d 467 (1972). In *Young,* the Court of Special Appeals held that the time limitations set forth in § 591 were merely directory. Thus, in *Hicks* we realized that Rule 746 was adopted in response to an acute need to "put teeth into" § 591. Accordingly, to brace these "teeth," we concluded in *Hicks* that dismissal was an appropriate sanction for a violation of Rule 746. *See also Calhoun v. State,* 299 Md. 1, 10–12, 422 A.2d 436, 440–42 (1984) (reaffirming the principles set forth in *Hicks* ).

The considerations in the juvenile context are vastly different from those in the criminal context. In contrast to

Rule 746, Rule 914 was not enacted to "put teeth into" a mandatory statute enacted by the General Assembly. Furthermore, in the juvenile context the General Assembly has placed no limitations upon the time within which an adjudicatory hearing must be held. Finally, and more significantly, the purpose of Maryland's juvenile statute is not ordinarily best served by dismissal of the proceedings.

As we see it, the overriding goal of Maryland's juvenile statutory scheme is to rehabilitate and treat delinquent juveniles so that they become useful and productive members of society. As stated in part, the juvenile subtitle's purpose is "[t]o provide for the care, protection, and wholesome mental and physical development of children coming within [the subtitle's provisions]; and to provide for a program of treatment, training, and rehabilitation consistent with the child's best interests and the protection of the public interest." Maryland Code (1974, 1984 Repl.Vol.), § 3–802(a)(1), Courts and Judicial Proceedings Article. The subtitle also strives to remove the taint of criminality and the consequences of criminal behavior from children who have committed delinquent acts. *Id.* § 3–802(a)(2).

To further these stated purposes, the General Assembly has enacted statutes carefully crafted to address the specific needs of adolescents and children. For example, the General Assembly has provided that juveniles should be neither transported with criminals nor incarcerated in institutions used primarily for the confinement of criminals. *Id.* §§ 3–816(c), 3–823(a). The General Assembly has further provided that, in making a disposition of a juvenile cause after the juvenile has been adjudicated a delinquent, "[t]he priorities ... are [ensuring] the public safety and [providing] a program of treatment, training, and rehabilitation best suited to the physical, mental, and moral welfare of the child consistent with the public interest." *Id.* § 3–820(b). Moreover, an adjudication of a child as a delinquent does not create the "civil disabilities" ordinarily created by a criminal conviction. *Id.* § 3–824(a)(1). Finally, the General Assembly has cloaked the records of juveniles with the

utmost secrecy, and provided that such records are not to be commingled with the records of adults. *Id.* § 3–828(a).

We would clearly be thwarting these legislative purposes by blindly applying our *Hicks* decision to dismiss juvenile proceedings for a violation of Rule 914. The legislature has taken great pains to ensure that the particular needs of juveniles are met when they encounter the juvenile justice system. We decline to undermine the legislature's efforts by hastily applying a rule to juvenile cases that was formulated to address problems inherent in the adult criminal system. Accordingly, we conclude that the *Hicks* solution is an inappropriate answer to violations of Rule 914.

Moreover, as further explanation of our conclusion we find our response to Hicks's motion for reconsideration instructive. There, we declined to reconsider the case, and we concluded that the failure to *schedule* a case within 30 days as required by Rule 746 did not require dismissal as long as the case was actually heard within the Rule's 120–day deadline. We reached this conclusion notwithstanding the fact that we found the 30–day requirement to be mandatory. We observed:

> Of course, as long as the case is tried within the 120–day deadline, the purpose of the rule and the statute upon which it is based, namely having the case tried promptly, will be accomplished, even if the setting of that trial date is not done within 30 days. In other words, the legislative purpose underlying § 591 and Rule 746 will in no way be advanced by holding that dismissal is the appropriate sanction for violation of the 30–day requirement. For this reason, we do distinguish between the 120–day requirement and the 30–day requirement. While the 30–day requirement is mandatory for those persons involved in setting the trial date, we hold that dismissal of the criminal case is not an appropriate sanction for violation of the 30–day provision.

*State v. Hicks*, 285 Md. at 335, 403 A.2d at 369.

Keith W. also contends that this Court's decision in *In re James S.*, 286 Md. 702, 410 A.2d 586 (1980) provides further

support for his argument that a juvenile proceeding must be dismissed if it is not held within the time prescribed by Rule 914. In *James S.*, we held that failure to comply with Maryland Code (1974, 1979 Cum.Supp.), § 3–812(b), Courts and Judicial Proceedings Article, required that a juvenile proceeding be dismissed. Section 3–812(b) provided that "[p]etitions alleging delinquency ... shall be prepared and filed by the State's Attorney ... within 15 days after the receipt of a referral from the intake officer." *Id.* at 703, 410 A.2d at 586.

Our decision in *James S.* is entirely consistent with our line of decisions that have looked to a statute's or rule's function or purpose to determine whether dismissal was an appropriate sanction for a violation thereof. When we reviewed § 3–812(b) in *James S.*, we were "struck by the similarity between the language used in [§ 3–812(b)] and that [used] in the various limitations of actions found in Code (1974, 1979 Cum.Supp.) Title 6, Subtitle 1, Courts and Judicial Proceedings Article." *Id.* at 711, 410 A.2d at 590. Accordingly, we concluded that § 3–812(b) was like any other statute of limitations and dismissal with prejudice was the required sanction when the statute's time limitations were not met. *Id.* at 713, 410 A.2d at 591. Clearly, Rule 914 is not a statute of limitations and, thus, *James S.* is inapposite.

Keith W. further contends that the State's reliance on our decision in *In re Dewayne H.*, 290 Md. 401, 430 A.2d 76 (1981) is misplaced. In *Dewayne H.*, we examined the purpose of Maryland's juvenile statutory scheme to determine whether the dismissal of juvenile proceedings was an appropriate sanction for a violation of Maryland Rule 915. Rule 915 requires that a disposition hearing be held no later than thirty days after an adjudicatory hearing. The master found Dewayne H. delinquent and scheduled his disposition hearing for thirty-*one* days after his adjudicatory hearing. The record did not disclose the master's reason for failing to schedule Dewayne H.'s disposition hearing within the thirty-day deadline. Nevertheless, the reviewing circuit court judge felt himself bound by Rule 915 to dismiss the

proceeding. We reversed, holding that dismissal was an inappropriate sanction. In our review, we examined the purpose of Rule 915 within the statutory framework of the juvenile subtitle. We noted that children who have committed delinquent acts are not to suffer from the "taint of criminality and the consequences of criminal behavior." *Id.* at 405, 430 A.2d at 79. Thus, we observed that the function of a disposition hearing is not to punish but to provide the juvenile with a program of treatment and rehabilitation. We concluded, therefore, that while Rule 915 was mandatory, dismissal of the juvenile proceeding was not the appropriate sanction to be applied.

In *Dewayne H.*, we made it clear that dismissal of the proceeding would benefit neither the juvenile nor the State. Thus, in the case *sub judice*, the judge presiding in the juvenile court considered our holding in *Dewayne H.* and concluded that, although the requirements of Rule 914 are mandatory, it did not necessarily follow that he had to dismiss Keith W.'s proceeding because of a technical violation of the Rule. We believe that the judge was correct.

As we see it, the foremost consideration in the disposition of a juvenile proceeding should be a course of treatment and rehabilitation best suited to promote the full growth and development of the child. Only the most extraordinary and egregious circumstances should be allowed to dictate dismissal as the sanction for this violation of a procedural rule. Thus, in determining whether dismissal is an appropriate sanction for a violation of Rule 914, a judge presiding over a juvenile cause should examine the totality of the circumstances as required by Rule 1–201. In doing so, the judge must keep in mind the overriding purpose of the juvenile statute along with the fact that this purpose will ordinarily not be served by dismissal of the juvenile proceeding. Neither the juvenile nor society should be denied the benefits of the juvenile's rehabilitation because of a technical violation of Rule 914's scheduling requirements. Nevertheless, we do not foreclose the possibility that under some circumstances dismissal will be a proper

sanction. However, we find no such circumstances in the present case. Accordingly, Judge Mitchell's refusal to dismiss the petition was entirely appropriate.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.