540 A.2d 810
**STATE of Maryland**
v.
**PATRICK A., Peter A.P., James P.W., Joseph G.D., Edward B.K.**
**No. 49, Sept. Term, 1987.**
Court of Appeals of Maryland.
May 5, 1988.

---

**484**

Cathleen C. Brockmeyer, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellant.

Nancy S. Forster, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

BLACKWELL, Judge.

The five cases consolidated in the instant appeal present a common question: what is the appropriate remedy when the State's Attorney files a petition requesting waiver of juvenile jurisdiction in disregard of the Juvenile Service Administration intake procedure as required by Maryland Code (1974, 1984 Repl.Vol.), Courts and Judicial Proceedings Article, § 3–810(b)(3)(ii)? For the reasons set forth below, we conclude that the trial court properly dismissed the petitions.

I.

The facts of this case are not in dispute. On December 11, 1985, the Baltimore County Police Department charged Peter A.P., James P.W., Joseph G.D., Edward B.K. and Patrick A. ("respondents"), all 16 years of age or older, among others, with violation of the Controlled Dangerous Substance Laws, Maryland Code (1957, 1982 Repl.Vol.), Article 27, §§ 286 and 287, occurring in Baltimore County schools prior to December 11, 1985. The Baltimore County Police Department referred the cases to the Juvenile Service Administration ("JSA") pursuant to Maryland Code (1974, 1984 Repl.Vol.), Courts and Judicial Proceedings Article, § 3–810 *et seq.*,[1] and to the Baltimore County State's

---

**1.** Maryland Code (1974, 1984 Repl.Vol.), Courts and Judicial Proceedings Article, § 3–810 provides in pertinent part:

Attorney's Office. On January 16, 1986, the State's Attorney filed a delinquency petition and a petition requesting waiver of juvenile jurisdiction for each respondent. The following day the State's Attorney's Office notified JSA of its intention to seek waiver of the respondents. These petitions were subsequently granted and the State's Attorney sought indictments charging each respondent as an adult with the above listed offenses.[2] A Baltimore County grand jury returned an indictment for each respondent (with the exception of Patrick A.) for the offenses alleged in the delinquency petitions. Each respondent moved to dismiss the juvenile and criminal charges contending that the State acted in clear contravention of the juvenile intake procedure prescribed in §§ 3–810 and 3–812.

On May 14, 1986, the Circuit Court for Baltimore County (DeWaters, J.), sitting as a juvenile court, granted respondents' motions to vacate jurisdiction and on June 26, 1986, granted respondents' motions to dismiss the criminal indictments and juvenile petitions. In doing so, the circuit court concluded that the State's Attorney was without authority to file a petition until JSA had completed its intake proce-

---

(3)(i) If a complaint is filed that alleges the commission of a delinquent act by a child who is 16 years old or older, which would be a felony enumerated in Article 27, § 441(e) of the Code if committed by an adult, the intake officer shall immediately forward the complaint to the State's Attorney.

(ii) If a complaint is filed that alleges the commission of a delinquent act by a child who is 16 years old or older, which would be a felony other than one enumerated in Article 27, § 441(e) of the Code if committed by an adult, and if the intake officer has denied authorization to file a petition, the intake officer shall immediately:

1. Forward the complaint to the State's Attorney; and

2. Forward a copy of the entire intake case file to the State's Attorney with information as to any and all prior intake involvement with the child.

All further references to code sections are to the Courts and Judicial Proceedings Article unless otherwise indicated.

**2.** On April 1, 1986, the court granted Patrick A.'s motion to dismiss the delinquency petition and waiver because the State filed the petitions prior to the time allowed by statute. Patrick A. was never indicted.

dure and referred the matter to the State's Attorney's Office in accordance with §§ 3–810 and 3–812.[3]

The State filed a timely appeal to the Court of Special Appeals. That court, in a reported opinion, *In re Patrick A.*, 70 Md.App. 191, 520 A.2d 743 (1987), affirmed the dismissal of the petition against Patrick A. and in an unreported, *per curium* opinion, *State v. Peter A.P., James P.W., Joseph G.D. and Edward B.K.*, (September Term, 1986, Nos. 900–908, filed March 2, 1987), affirmed the dismissal of the petition against the remaining respondents. We granted *certiorari* to determine whether dismissal is the proper sanction when the State violates the statutory procedure for filing a petition against a juvenile.

## II.

The State concedes in its argument that the State's Attorney filed the petition against the respondents prior to JSA having completed its intake procedure. The State further admits that the premature filings directly violated § 3–810(b)(3)(ii). The State argues, however, that the State's Attorney has "virtually unlimited discretion" in deciding whether to file a petition against a juvenile and therefore noncompliance with the statute, even when intentional, does not warrant a dismissal. Moreover, the State contends that the acts of the State's Attorney were consonant with the legislative purpose of the Juvenile Causes Act and that the respondents suffered no prejudice from the premature filings.

Respondents, on the other hand, contend that the State's Attorney's discretion whether to file a petition is unlimited only when a juvenile, 16 years or older, commits an enumerated felony as set forth under Article 27, § 441(e). As to

---

3. Section 3–812(b) provides in pertinent part:
   "Petitions alleging delinquency or violation of § 3–831 shall be prepared and filed by the State's Attorney. A petition alleging delinquency shall be filed within 30 days after the receipt of a referral from the intake officer. All other petitions shall be prepared and filed by the intake officer."

other felonies committed by a juvenile, 16 years or older, the State's Attorney must comply with the statutorily required procedure set forth in § 3–810 *et seq.* We agree with the respondents.

## III.

■ We look to the statute itself as the primary source of legislative intent. *Tucker v. Firemen's Fund Insur. Co.*, 308 Md. 69, 73, 517 A.2d 730, 731 (1986). A corollary to this rule is that when language of a statute is clear and unambiguous, courts may not insert or omit words to make a statute express intentions not evident in its original form. *Bridges v. Nicely,* 304 Md. 1, 10–11, 497 A.2d 142, 147 (1985). In determining whether dismissal is an appropriate sanction for a violation of a statute or rule, we have repeatedly looked to the purpose of its provisions. *In re Keith W.,* 310 Md. 99, 104, 527 A.2d 35, 37 (1987), and cases cited therein.

■ The General Assembly has made great strides to protect the interest of a juvenile and "[t]o remove from children committing delinquent acts the taint of criminality and the consequences of criminal behavior." § 3–802(a)(2). The overriding consideration in making a disposition in a juvenile proceeding is to "provide for the care, protection and wholesome mental and physical development of children" and to ensure "a program of treatment, training and rehabilitation consistent with the child's best interests and the protection of the public's interest." § 3–802(a)(1). The Juvenile Causes Act makes plain that "[a]n adjudication of a child pursuant to this subtitle is not a criminal conviction for any purpose and does not impose any of the civil disabilities ordinarily imposed by a criminal conviction." § 3–824(a)(1). *See also In re Darryl D.,* 308 Md. 475, 480, 520 A.2d 712, 714 (1987). The Legislature has specifically provided that the "[Juvenile Causes Act] shall be liberally construed to effectuate these purposes. § 3–802(b) *See*

*also In re John P. and Thomas P.*, 311 Md. 700, 537 A.2d 263 [1988], in cases cited therein.

An examination of the history of § 3-810 reveals that prior to 1982 (in accordance with Maryland Code (1974, 1980 Repl.Vol.), Courts & Judicial Proceedings Article) the JSA intake officer was the primary decision maker as to whether a juvenile petition ought to be filed in any given case. Accordingly, complaints were filed with the intake officer rather than with the State's Attorney's Office. § 3-810(a). Within 15 days of filing, the intake officer was to make a preliminary inquiry to determine whether the court had jurisdiction and whether judicial action was in the best interest of the public or the child. § 3-810(b). If the intake officer denied the authorization to file a petition the State's Attorney could not challenge this decision unless an appeal was filed by the individual or agency which originally complained to JSA. § 3-810(h).

In 1982, faced with an ever increasing number of juvenile felonies, the General Assembly revised § 3-810 "[f]or the purpose of providing that under certain conditions a complaint alleging a delinquent act shall be forwarded to the [S]tate's [A]ttorney; and providing for the disposition of such complaints." 1982 Md.Laws Ch. 469. Although this revision included several new additions which significantly enlarged the State's Attorney's role in determining whether a petition should be filed when a juvenile commits a felony, it is only under "certain conditions" that the State's Attorney has unbridled discretion in the disposition of these matters. It is clear that the Legislature intended that the information provided by the intake officer is to be considered as valuable input in determining whether a juvenile petition should be filed, rather than the perfunctory service suggested by the State's action.

Under the revised statutory scheme the Juvenile Causes Act sets forth three intake procedures for the disposition of juvenile proceedings, two of which pertain when a child 16 years old or older commits a felony. Subsection (b)(3)(i) of § 3-810 makes an explicit distinction for the disposition of a

juvenile proceeding when that child commits a felony considered to be a "crime of violence." [4] Section 3–810(b)(3)(i) specifically provides:

"[i]f a complaint is filed that alleges the commission of a delinquent act by a child who 16 years old or older, which would be a felony enumerated in Article 27, § 441(e) of the Code if committed by an adult, the intake officer shall immediately forward the complaint to the State's Attorney."

However, if a child 16 years old or older commits a delinquent act which would be considered a felony other than one enumerated in Article 27, § 441(e), the intake officer may either authorize the filing of a petition or deny the authorization to file a petition. If the intake officer has denied the authorization to file a petition, § 3–810(b)(3)(ii) provides that he shall immediately:

"1.  Forward the complaint to the State's Attorney; and

2.  Forward a copy of the entire intake case file to the State's Attorney with information as to any and all prior intake involvement with the child."

Under this provision, both the juvenile and the State's Attorney have the benefit of having the intake officer's file being forwarded along with the complaint.

In the remaining circumstances (except as otherwise provided by § 3–810), when a child 15 years old or younger commits a delinquent act which would be a felony if committed by an adult, or if a juvenile of any age commits an act considered to be a misdemeanor, the intake officer may

---

4.  Maryland Code (1957, 1982 Repl.Vol., 1986 Cum.Supp.) Article 27, § 441(e) enumerates those offenses considered "crimes of violence.":
   "abduction; arson; burglary, including common-law and all statutory and storehouse forms of burglary offenses; escape; housebreaking; kidnapping; manslaughter, excepting involuntary manslaughter; mayhem; murder; rape; robbery; robbery with a deadly weapon; sexual offense in the first degree; and sodomy; or an attempt to commit any of the aforesaid offenses; or assault with intent to commit any other offense punishable by imprisonment for more than one year."

in accordance with § 3–810(b)(1): "(1) authorize the filing of a petition, (ii) conduct a further investigation into the allegations of the complaint, (iii) propose an informal adjustment of the matter, or (iv) refuse authorization to file a petition." Because the respondents in the case before us were all juveniles, 16 years of age or older, who were alleged to have committed delinquent acts other than those enumerated in Article 27, § 441(e) the State's Attorney must wait until the intake procedure has been completed.

The mandatory nature of the Juvenile Services intake procedure for nonenumerated felonies is further evidenced by the language of the statute. Section 3–810 provides that: "[t]he intake officer *shall* receive: (a)(1) [c]omplaints from a person or agency having knowledge or facts which may cause the court to have jurisdiction." The statute further provides that the intake officer "*shall* make a preliminary inquiry within 15 days as to whether the court has jurisdiction and whether judicial action is in the best interest of the public or child." § 3–810(b)(1). (emphasis added). We have stated on numerous occasions that under the settled principles of statutory construction the word "shall" is presumed to have a mandatory meaning, *State v. One 1980 Harley Davidson*, 303 Md. 154, 161, 492 A.2d 896, 899 (1985); *State v. Hicks*, 285 Md. 310, 334, 403 A.2d 356, 369 (1979) (and cases cited therein), and, unless its context indicates to the contrary, "denotes an imperative obligation inconsistent with the exercise of discretion." *In re James S.*, 286 Md. 702, 709, 410 A.2d 586, 589 (1980) (quoting *Johnson v. State*, 282 Md. 314, 321, 384 A.2d 709, 713 (1978)). Moreover, § 3–812(b) provides that a delinquency petition shall be filed "within 30 days *after the receipt of a referral from the intake officer.*" (Emphasis added).

█ We conclude the Legislature intended that the preliminary investigation by the intake officer be mandatory under the circumstances of this case. We now determine the proper sanction when the State's Attorney intentionally bypasses this procedure. While § 3–812(d) specifically provides that a State's Attorney may dismiss a petition alleging

delinquency, the applicable code provisions and rules do not address whether, and under what circumstances, a circuit court may do so.[5] As we recently stated in *Gaetano v. Calvert County*, 310 Md. 121, 125, 527 A.2d 42, 48 (1987), "a statute or rule may be mandatory and yet not require dismissal as a sanction for failure to comply with its provisions." When deciding whether dismissal of a juvenile petition is the proper sanction, we have instructed the trial judge to examine the totality of the circumstances, keeping in mind the overriding purpose of the juvenile statute. *In re Keith W., supra*, 310 Md. at 109, 527 A.2d at 40 (1987). Similarly, in *Darryl D., supra*, we stated that "the judge is required, when dismissal is opposed, to balance certain interests prior to making [a] decision." 308 Md. at 483, 520 A.2d at 716. *See also Stanford v. District Title Insur.*, 260 Md. 550, 555, 273 A.2d 190, 192 (1971). Although the grounds for dismissal in both *Keith W.* and *Darryl D.* differ,[6] the methods employed in reaching the result provide us with guidance.

As the representative of the general public, the State's Attorney shares a viable role in ensuring that a juvenile is rehabilitated so that he becomes a useful citizen and in no way a menace to society. *State v. One Harley Davidson, supra*, 303 Md. at 162, 492 A.2d at 900 (quoting *In re Dwayne H.*, 290 Md. 401, at 407, 430 A.2d 76, 80 (1981)). It does not follow, however, that the State's Attorney may intentionally ignore the required procedure in doing so. Our foremost consideration in the disposition of a juvenile

---

**5.** Although Title 2 of the Maryland Rules of Procedure authorizes dismissal of a civil action under certain circumstances, Maryland Rule 1–101 states specifically that Title 2 is not applicable to juvenile causes.

**6.** In *Keith W.* we held that dismissal was not required when the juvenile's adjudicatory hearing was not held within the time period prescribed by Md. Rule 914. In *Darryl D.* we held that a juvenile court judge abused his discretion when, pursuant to a recommendation of a master, he dismissed a delinquency petition following a delay in excess of two hours due to the State's Attorney's failure to appear.

proceeding is that the child is provided with a program of treatment, training and rehabilitation consistent with his or her best interests. The intake procedure ensures that this treatment is in effect consistent with the best interests of the child by providing the State's Attorney's Office with valuable information concerning the juvenile's background and any prior intake involvement JSA has had with the child. Furthermore, as Justice White noted in his concurring opinion in *McKeiver v. Pennsylvania*, "to the extent that the jury is a buffer to the corrupt or overzealous prosecutor [upon] the criminal system, the distinctive intake policies and procedures of the juvenile court system to a great extent obviate this important function of the jury." 403 U.S. 528, 552, 91 S.Ct. 1976, 1990, 29 L.Ed.2d 647, 665 (1971).

The State places great emphasis in cases where we have ruled dismissal of the juvenile petition was an inappropriate sanction for the failure to comply with time limitations. *E.g., In re Keith W., supra; In re Darryl D., supra; In re Dwayne H., supra.* Unlike those cases in which neither party has control when certain proceedings are set for hearing, *see In re Dwayne H.,* 290 Md. at 407, 430 A.2d at 80, the State's Attorney in the case at bar took deliberate steps to avoid the statutorily required procedure. The State asserts that because the State's Attorney would have filed delinquency petitions regardless of the recommendations made by JSA, the respondents incurred no prejudice by the detour in the preliminary procedures. The State further asserts that dismissal of the petitions does not inure to the benefit of the juveniles and "thwarts the legislative purpose behind the Juvenile Causes Act in general and § 3–810(b) specifically." (State's brief, p. 15). We disagree. The State's argument is directly contradicted by the actions of the State's Attorney. The very act of intentionally bypassing the intake procedure does not inure to the benefit of the juvenile and directly contravenes the legislative scheme. To hold that the intake procedure can be ignored at the discretion of the State's Attorney would

render the statutory language meaningless. In this case, the Juvenile Causes Act is best served by dismissal without prejudice.

JUDGMENT OF COURT OF SPECIAL APPEALS AFFIRMED; COSTS TO BE PAID BY PETITIONER.