540 A.2d 854

In re VALITA T.

No. 1223, Sept. Term, 1987.

Court of Special Appeals of Maryland.

May 6, 1988.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, Andrew L. Sonner, State's Atty. for Montgomery County and Charles Day, Asst. State's Atty. for Montgomery County on the brief, Rockville), for appellant.

Michael R. Malloy, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellee.

Argued before GARRITY, BLOOM and ROBERT M. BELL, JJ.

BLOOM, Judge.

The State appeals from an order of the District Court, sitting as a Juvenile Court for Montgomery County, dismissing six petitions charging appellee, Valita T., a sixteen-year-old girl, with having committed various acts that would be criminal offenses if committed by an adult. The court dismissed the petitions because the Juvenile Services Administration (JSA) had failed to provide the State's Attorney with a police report and with accurate information concerning appellee's prior record and because the petitions bore a pre-printed signature of the State's Attorney. The juvenile argued, and the court agreed, that the JSA's failure to provide the information prohibited the State's Attorney from making an adequate review of appellee's case prior to filing the petitions, and that the use of a petition with a pre-printed signature indicated that an adequate review had not been made. Accordingly, the court dismissed the petitions.

In this appeal, the State contends that where compliance with Md.Cts. & Jud.Proc.Code Ann. §§ 3–810(c) and 3–812 (1984 Repl.Vol.) is complete, the failure of JSA to transmit complete and accurate information to the State's Attorney, coupled with the use of a form petition bearing a pre-printed facsimile of the State's Attorney's signature, does not amount to cause for dismissal. We agree and, accordingly, will reverse the District Court.

## Facts

On 15 April 1987, appellee was arrested for various credit card offenses, conspiracy, storehouse breaking, breaking and entering, destruction of property, and thefts of goods valued under $300 as to some and over $300 as to others. The JSA reviewed the complaints against appellee and forwarded two memoranda to the Montgomery County State's Attorney's Office on 19 May 1987. In the first memorandum JSA indicated that it had reviewed the complaints against appellee pursuant to Md.Cts. & Jud.Proc. Code Ann. § 3–810(b) and (g) (1984 Repl.Vol.) and autho-

rized the State's Attorney to file petitions against appellee. The stated reasons for the authorization were: "Prior record; serious charges. Unable to resolve at Intake level." The second memorandum was an automatic referral of enumerated felonies pursuant to Section 3–810(b)(3)(i) of the Courts & Judicial Proceedings Article. JSA also forwarded a juvenile report cover sheet, which indicated, *inter alia,* that there were *no* "priors."

On 16 June 1987, the Montgomery County State's Attorney's Office filed nine delinquency petitions against appellee—Juvenile Petitions Nos. 38716745 through 38716753. Petitions numbered 38716745–38716750 each charged appellee with credit card offenses in violation of art. 27 § 145(d) and thefts of goods valued under $300, in violation of art. 27 § 342. Petition 38716750 also charged appellee with common law conspiracy to commit theft.

Petitions numbered 38716751 through 38716753 charged appellee with storehouse breaking in violation of art. 27 § 33 and breaking and entering in violation of art. 27 § 31B. In addition, Petition 38716751 charged appellee with theft of goods valued over $300; Petitions 38716752 and 38716753 charged appellee with destruction of property in violation of art. 27 § 111 and with theft of goods valued under $300; and Petition 38716753 charged appellee with common law conspiracy.

The charges against appellee were set in for hearing on 3 September 1987. At the hearing, counsel for appellee moved in open court to dismiss the nine delinquency petitions, making what he called "a Patrick A. motion." He asserted that Petitions numbered 38716745 through 38716750, which charged non-enumerated felonies, should be dismissed because the JSA had not provided the State's Attorney with an accurate history of nor police records on appellee, thus making it impossible for the State to make an adequate review of the charges against appellee to determine whether petitions should be filed. In addition, appellee argued that the State's Attorney's pre-printed signature on the petitions signified a failure by the State's Attorney

to give the matter an adequate review. The Court agreed
and dismissed petitions 38716745 through 38716750 in their
entirety.[1]

## The Parties' Contentions on Appeal

Appealing the Court's dismissal of Petitions 38716745–
38716750, the State claims that neither JSA's failure to
transmit accurate information to the State's Attorney's
Office nor the State's Attorney's use of a pre-printed signa-
ture constituted a basis for dismissal where the State total-
ly complied with Md.Cts. & Jud.Proc. article §§ 3–810(c) and
3–812. Appellee counters with an assertion that the State
acquiesced in the holding below and therefore waived its
right to appeal, a claim which the State contested hotly at
oral argument.

## Dismissal of the Petitions

The dismissal of petitions 38716745 through 38716750,
each charging a misdemeanor or non-enumerated felony, on
the grounds that the JSA failed to provide the State's
Attorney with accurate information concerning appellee's
prior history, that JSA failed to forward a police report to
the State's Attorney, and that the State "signed" the peti-
tions with a pre-printed signature, was improper.

Md.Cts. & Jud.Proc. Code Ann. § 3–810(b)(3) requires the
JSA to notify the State's Attorney of certain juvenile
charges as follows:

(3)(i) If a complaint is filed that alleges the commission
of a delinquent act by a child who is 16 years old or older,
which would be a felony enumerated in Article 27,
§ 441(e) of the Code if committed by an adult, the intake
officer shall immediately forward the complaint to the
State's Attorney

---

1. After the court granted appellee's motion to dismiss, the State
indicated that it could not go forward with the remaining felony
counts and withdrew them, at which point the court granted appellee's
motion to dismiss the felony counts (Petitions 387/6751–387/6753) as
well. The State did not appeal the dismissal of these three petitions.

(ii) If a complaint is filed that alleges the commission of a delinquent act by a child who is 16 years old or older, which would be a felony other than one enumerated in Article 27 § 441(e) of the Code if committed by an adult, and if the intake officer has denied authorization to file a petition, the intake officer shall immediately:

1. Forward the complaint to the State's Attorney; and

2. Forward a copy of the entire intake case file to the State's Attorney with information as to any and all prior intake involvement with the child.

In the recent case *In re Patrick A.,* 70 Md.App. 191, 520 A.2d 743 (1987), *aff'd sub nom., State v. In Re: Patrick A., Peter A.P., James P.W., Joseph G.D., and Edward B.K.,* 312 Md. 482, 540 A.2d 810 (1988), we noted that § 3–810(b)(3)(ii) means exactly what it says:

With respect to non-enumerated felonies ... the Legislature preserved the initial duties of the intake officer. Subsection (b)(3)(ii) now authorizes the State to intercede into the matter without the necessity of an appeal by the complainant, but only *after* the intake officer has denied authorization to file a petition and has referred the matter along with the intake file to the State's Attorney.

*Id.* at 200, 520 A.2d 743. (Emphasis added.)

In the case *sub judice* appellee was charged with enumerated felonies as well as related non-enumerated felonies and misdemeanors. Because the enumerated felony charges were required to be sent to the State's Attorney's office under § 810(b)(3)(i), the JSA was "unable to resolve [the lesser charges] at intake level" so it forwarded the entire file to the State's Attorney's Office. Appellee's complaint was that the JSA's report contained errors; in one place it indicated that appellee had a prior juvenile record but in another place it indicated she did not. The JSA did not forward a police report.

■ These defects do not constitute grounds for dismissal of the petitions against appellee. The juvenile judge was of the opinion that *In re Patrick A., supra,* mandated dismissal of petitions charging non-enumerated felonies and misdemeanors if the State's Attorney did not or, by virtue of defects in the record transmitted to him by the JSA could not, properly exercise his discretion. He was mistaken; *In re Patrick A.* neither requires nor authorizes dismissal for such "defects." We held in that case that the State's Attorney violated the provisions of the Juvenile Causes Act by filing a petition before the JSA had a chance to review the charges against the juvenile, thereby preventing the intake officer from exercising *his* discretion. We concluded that clear violations of the statutory scheme requiring JSA participation warranted dismissal because such disobedience violated the Legislature's intent and because dismissal advanced the legislative purpose. *Id.* at 204, 520 A.2d 743. We referred to the fact that the State's Attorney also has discretion to exercise, *id.* at 201–202, 520 A.2d 743, but we certainly did not hold that the juvenile court has any control over how the State's Attorney should exercise the discretionary powers that are vested in him by the Maryland Constitution and entrusted to him by the electorate.

Although it would have been better if in this case the JSA's report had not contained inconsistencies and if it had included a police report, such "deficiencies" did not amount to a violation of the statute and certainly did not divest the State's Attorney of his authority. JSA was under no obligation to forward its case file to the State's Attorney. We have set forth above the provisions of the statute concerning the duties of JSA with respect to notifying the State's Attorney of the existence of juvenile charges. Those provisions are quite clear: JSA *must* forward to the State's Attorney a complaint charging conduct that would constitute one of the felonies enumerated in art. 27, § 441(e) if committed by an adult; as to any non-enumerated felony, if the intake officer *denies* authority to file a juvenile petition, JSA must forward to the State's Attorney its entire case

file in addition to the complaint. The statute does not require JSA to forward *anything* to the State's Attorney with respect to criminal conduct not amounting to a § 441(e) felony if it authorizes the filing of a juvenile petition. Md.Cts. & Jud.Proc.Code Ann., § 3–810(b)(3). Obviously, in the statutory scheme, the State's Attorney is not required to examine a complete and accurate JSA file as a condition for exercising his discretionary powers.

When she learned of the errors in the JSA's report, appellee could have notified the State's Attorney that she had no prior juvenile record. The State's Attorney was, of course, free to obtain his own police report. The Code simply does not require the JSA's report to be accurate as a condition for action by the State's Attorney, nor should it so require; total absence of human error is not to be expected.

We similarly reject the District Court's holding (and appellee's argument) that the State's Attorney's use of a petition form with a pre-printed signature facsimile indicated that the State failed to review the charges against appellee and thus warranted dismissal of the petitions.

As previously discussed, sections 3–810(b)(3)(i) and (ii) require the State's Attorney to receive all charges of enumerated felonies and those charges of non-enumerated felonies where the intake officer has denied authorization to file a petition. In addition, all delinquency proceedings petitions must be prepared, signed and filed by the State's Attorney. *United States v. Ramapuram,* 432 F.Supp. 140, 142 (D.Md.1977), *aff'd,* 577 F.2d 738 (4th Cir.), *cert. denied,* 439 U.S. 926, 99 S.Ct. 309, 58 L.Ed.2d 318 (1978).

■ We hold that the use of a petition form with a pre-printed facsimile of the State's Attorney's signature did not violate the requirement that the State's Attorney sign the petitions or indicate that he failed to review the charges against appellee adequately before he filed the petitions. In *Drury v. Young,* 58 Md. 546, 554 (1882), the Court of Appeals held that "[i]t is ... a sufficient signing, if the name be in print, and in any part of the instrument, provid-

ed that the name is recognized and appropriated by the party to be his." And in 80 C.J.S. *Signatures* § 7 (1953), the rule is stated thus:

> In the absence of a statute prescribing the method of affixing a signature, it may be affixed in many different ways. It may be written by hand, and, generally, in the absence of a statute otherwise providing, it may be printed, stamped, typewritten, engraved, photographed, or cut from one instrument and attached to another.

The State's Attorney obviously used, approved and adopted the pre-printed signature as his own legitimate signature, and we cannot conclude that its use indicated any failure by him to review the charges against appellee. The use of a pre-printed signature did not violate the Juvenile Causes Act and was not cause for dismissal.

Appellee's "Patrick A. motion" should have been denied. Both the JSA and the State's Attorney complied with the requirements of the Juvenile Causes Act. Since the statute was not violated, the Legislature's intent was not impinged and the "errors" did not require dismissal.

### *Waiver*

■ Finally, we disagree with appellee's contention that by acquiescing in the Court's holding the State waived its right to appeal. Appellee relies upon the following statement by the prosecutor:

> Uh, ... looking at the original petitions, collectively, all of them. I don't think that we have the Patrick A. problem that's spelled out by the defense. Certainly, if you look at them in isolation, petitions ending in numbers 745 and 50 would suggest a Patrick A. problem. It would suggest that these are just misdemeanor thefts or misdemeanor credit cards. For that matter, non enumerated felony statutes that do not come before the Juvenile Court, without proper process in JSA. But, I don't think that that's required here.

I don't think that there's anything in the statute or in case law that would suggest that result.

Bearing in mind that the judge had already indicated his belief that *In re Patrick A.* would require dismissal of the petitions charging misdemeanors and non-enumerated felonies for failure of the State's Attorney to exercise *proper* discretion, we do not read the State's Attorney's comments either as an acquiescence in the ruling or a waiver of objection thereto. We see it simply as an argument to the effect that even the court's (erroneous) interpretation of *In re Patrick A.* should not be applied because of the related enumerated felony charges.

JUDGMENT OF DISMISSAL REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS.

ROBERT M. BELL, Judge, dissenting.

I would not reach the merits of the case. I agree with appellant. The State acquiesced in the lower court's holding, thereby waiving its right to appeal the issue it now asks us to review. The majority's reading of the prosecutor's statement to the court on the point is extremely generous and, in my view, unjustified.

Even though this is a civil case the State did not file a record extract as required by Maryland Rule 1028. Notwithstanding that appellant supplied, in an appendix to his brief, much that would have been required to have been included in an extract and that the majority does not so much as mention that appellant filed no extract, I would exercise the discretion given the Court under Rule 1028 i.1. to dismiss the appeal.