550 A.2d 740

In re **BARON C.**

No. 489, Sept. Term, 1988.

Court of Special Appeals of Maryland.

Dec. 6, 1988.

Certiorari Granted March 6, 1989.

Valerie J. Smith, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Andrew L. Sonner, State's Atty. for Montgomery County, Rockville, on the brief), for appellant.

Nancy L. Cook, Assigned Public Defender (Shilpa Khagram, Practicing pursuant to Rule 18, on the brief), Washington, D.C., for appellee.

Argued before MOYLAN, KARWACKI and FISCHER, JJ.

KARWACKI, Judge.

The State's Attorney for Montgomery County filed a petition in the District Court of Maryland for Montgomery County, sitting as a Juvenile Court, alleging that Baron C., the appellee, was a delinquent child. The State averred that on May 29, 1987, Baron C. had committed several delinquent acts by: possessing phencyclidine (P.C.P.) with intent to distribute it, possessing marijuana, possessing controlled dangerous substance paraphernalia, and conspiring with others tó distribute a controlled dangerous substance.

At the time he allegedly committed these delinquent acts Baron C. was 16 years old. Following his arrest, a Juvenile Services Agency intake officer, after reviewing the charges and conferring with Baron C., proposed an informal adjustment plan in lieu of authorizing a juvenile petition charging Baron C. with being a delinquent child. Baron C. consented to participating in the proposed plan. On July 13, 1987, the intake officer notified the office of the State's Attorney of his decision to close the case by informal adjustment. Notwithstanding that decision, the petition in the instant case was filed on August 4, 1987.

Baron C. moved to dismiss the petition. He argued that since the intake officer did not refuse to authorize the filing of a petition with the juvenile court, but rather proposed an informal adjustment of his case, the State's Attorney was powerless to overrule that intake decision. Stated otherwise, Baron C. contended that the State's Attorney could not review and reverse the intake decision to close his case by informal adjustment. After a hearing on the motion, the court agreed with Baron C. and dismissed the petition. This appeal followed.

The respective roles of the State's Attorney and the Juvenile Services Agency intake officer in determining when judicial action will be instituted against an alleged

juvenile delinquent are delineated by Section 3–810 of the Cts. and Jud.Proc.Code Ann. (1984 Repl.Vol., 1988 Cum. Supp.)[1] The pertinent provisions thereof state:

(a) The intake officer shall receive:

(1) Complaints from a person or agency having knowledge of facts which may cause a person to be subject to the jurisdiction of the court; and

(2) Citations issued by a police officer under § 3–835 of this article.

(b)(1) Except as otherwise provided in this subsection, in considering the complaint, the intake officer shall make a preliminary inquiry within 15 days as to whether the court has jurisdiction and whether judicial action is in the best interests of the public or the child. He may, after such inquiry and in accordance with this section, (i) authorize the filing of a petition, (ii) conduct a further investigation into the allegations of the complaint, (iii) propose an informal adjustment of the matter, or (iv) refuse authorization to file a petition.

.        .        .        .        .

(3)(i) If a complaint is filed that alleges the commission of a delinquent act by a child who is 16 years old or older, which would be a felony enumerated in Article 27, § 441(e) of the Code if committed by an adult, the intake officer shall immediately forward the complaint to the State's Attorney.

(ii) If a complaint is filed that alleges the commission of a delinquent act by a child who is 16 years old or older, which would be a felony other than one enumerated in Article 27, § 441(e) of the Code if committed by an adult, and if the intake officer has denied authorization to file a petition, the intake officer shall immediately:

1.  Forward the complaint to the State's Attorney; and

---

**1.** All further statutory references will be to this Code unless otherwise indicated.

2. Forward a copy of the entire intake case file to the State's Attorney with information as to any and all prior intake involvement with the child.

(4) The State's Attorney shall make a preliminary review as to whether the court has jurisdiction and whether judicial action is in the best interests of the public or the child. The need for restitution may be considered as one factor in the public interest. After the preliminary review the State's Attorney shall, within 30 days of the receipt of the complaint by the State's Attorney, unless the court extends the time:

(i) File a petition;

(ii) Seek a waiver under § 3–817 of this article;

(iii) Refer the complaint to the Juvenile Services Agency for informal disposition; or

(iv) Dismiss the complaint.

The Court of Appeals and this Court have recently interpreted this expression of the legislative will. *State v. In re Patrick A.*, 312 Md. 482, 540 A.2d 810 (1988), affirming *sub nom In re Patrick A.*, 70 Md.App. 191, 520 A.2d 743 (1987); *In re Kemmo N.*, 75 Md.App. 269, 540 A.2d 1202 (1988). Rather than repeating the analyses employed in those cases in construing § 3–810, we summarize the conclusions expressed therein.

Prompted by an increasing number of felonies committed by older juvenile offenders, the General Assembly restructured the intake process by enacting Chapter 469 of the Acts of 1982. Prior to those amendments to § 3–810 the decision as to whether a juvenile offender would be proceeded against in the juvenile court was largely within the discretion of the intake officer. So long as the offense was one within the jurisdiction of the juvenile court as set forth in § 3–804, the State's Attorney was incapable of overruling the intake officer's decision either to adjust the offender's case informally or to refuse authorization to file a petition against him in the juvenile court, unless the juvenile and his parent, guardian, or custodian refused to consent to an

informal adjustment or a party entitled to appeal the intake decision did so. *In re Kemmo N.*, 75 Md.App. at 272, 540 A.2d 1202; *In re Patrick A.*, 70 Md.App. at 195-96, 520 A.2d 743.

The amendments effected by Chapter 469 of the Acts of 1982 had no effect upon the intake procedure applicable to juvenile offenders under the age of 16 or to those offenders over 16 who committed acts which would be adult misdemeanors. *In re Kemmo N.*, 75 Md.App. at 281-82, 540 A.2d 1202. Those amendments, however, provided for new intake procedures applicable to certain juvenile offenders who had reached their 16th birthday.

If the delinquent act complained of would be a felony enumerated in Md.Code Ann. (1957, 1987 Repl.Vol.), Article 27, § 441(e) if committed by an adult the intake officer has no input whatever on the decision of whether a delinquency proceeding should be instituted in the juvenile court. Section 3-810(b)(3)(i) merely directs the intake officer to forward the complaint to the State's Attorney for the decision under § 3-810(b)(4) when dealing with such an "enumerated" felony.

Where complaint is made that the offender who is 16 years old or older committed an act which would be an adult felony other than one enumerated in Article 27, § 441(e), the intake officer is given the initial responsibility to "either authorize the filing of a petition or deny the authorization to file a petition." *State v. In re Patrick A.*, 312 Md. at 489, 540 A.2d 810. If he denies authorization, he must forward the complaint to the State's Attorney together with his entire intake file. Section 3-810(b)(3)(ii). In such case the State's Attorney makes the ultimate decision pursuant to § 3-810(b)(4) whether to:

(i) File a petition;

(ii) Seek a waiver under § 3-817 of this article;

(iii) Refer the complaint to the Juvenile Services Agency for informal disposition; or

(iv) Dismiss the complaint.

Thus, when dealing with a "non-enumerated" felony committed by a juvenile offender 16 years old or older, the authority of the intake officer to "propose an informal adjustment of the matter" contained in 3–810(b)(1) has been limited by the opening phrase of that subsection, "[e]xcept as otherwise provided in this subsection." Section 3–810(b)(3)(ii) provides otherwise. A contrary interpretation would permit the intake officer to effectively close a case involving a non-enumerated felony by proposing an informal adjustment which was consented to by the juvenile offender and his parent, guardian or custodian. This is precisely what the General Assembly sought to change when it enacted Chapter 469 of the Acts of 1982. Since Baron C. was charged with delinquent acts which would be "non-enumerated" felonies if committed by an adult, the State's Attorney was authorized to file the juvenile petition in the instant case notwithstanding the informal adjustment of the matter to which Baron C. and his parent had consented.

Baron C.'s reliance on *In re Kemmo N., supra,* is misplaced. There a delinquency petition was filed against a child *under the age of 16 years* by the State's Attorney after the police officer who arrested him appealed an intake officer's decision to informally adjust the offender's case. We held that the amendments to § 3–810 enacted in 1982 had not affected the inability of anyone to challenge a decision by an intake officer to dispose of such a case by informal adjustment, construing § 3–810(e), (f), (g) and (h) to limit such appeals to an intake officer's decision to deny authorization to file a petition. As we explained above, the General Assembly has taken away that sole discretion of the intake officer when the juvenile offender is charged with a delinquent act which would be a felony if committed by an adult. For these reasons we shall reverse the dismissal of the juvenile petition filed against Baron C., and remand the case for further proceedings thereon.

■ Before concluding, we will address an alternative argument made by Baron C. as to why the judgment of the juvenile court should be affirmed. He contends that since he and his parent consented to the informal adjustment proposed by the intake officer and he participated in the delinquency diversion programs that were part of that proposal, he would be subjected to double jeopardy by proceedings upon the juvenile petition filed against him. The juvenile court rested its decision to dismiss the petition on the sole ground that the State's Attorney lacked authority to file it and did not address the double jeopardy argument. Nevertheless, in the interest of avoiding another appeal we shall answer it. Rule 8-131(a).

"Before there can be double jeopardy, there must be jeopardy." *In re Bennett,* 301 Md. 517, 524, 483 A.2d 1242 (1984); *State v. Daff,* 77 Md.App. 16, 19, 549 A.2d 25 (1988). In the context of juvenile delinquency proceedings, jeopardy attaches after a juvenile court begins to receive evidence at an adjudicatory hearing or issues a dispositional order which implicitly incorporates an adjudication that the offender committed the delinquent act. *In re Mark R.,* 294 Md. 244, 252–62, 449 A.2d 393 (1982); *Parojinog v. State,* 282 Md. 256, 260–63, 384 A.2d 86 (1978); *In re Darnell F.,* 71 Md.App. 584, 592, 526 A.2d 971 (1987). There never has been an adjudicatory hearing to determine Baron C.'s involvement in the delinquent acts with which he has been charged, and the court's dismissal of the State's petition in no way adjudicated his alleged involvement. Consequently, we hold that he has never been in jeopardy on these charges. His double jeopardy argument is meritless.

JUDGMENT REVERSED;

CASE REMANDED TO THE DISTRICT COURT OF MARYLAND FOR MONTGOMERY COUNTY, SITTING AS A JUVENILE COURT, FOR FURTHER PROCEEDINGS;

COSTS TO BE PAID BY THE APPELLEE.