560 A.2d 1130

In re BARON C.

No. 5, Sept. Term, 1989.

Court of Appeals of Maryland.

July 24, 1989.

Nancy L. Cook, Assigned Public Defender, Washington, D.C., for petitioner.

Valerie J. Smith, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

PER CURIAM.

Maryland Code (1984, 1988 Cum.Supp.), § 3–810 of the Courts and Judicial Proceedings Article delineates the respective roles of the State's Attorneys and the Juvenile Services Agency intake officers in determining whether a delinquency petition may be filed. In this case, the District Court of Maryland, sitting as a Juvenile Court in Montgomery County, interpreted § 3–810 to preclude the State's Attorney from filing a juvenile petition after the intake officer made a decision to informally adjust the matter. The case involved a 16–year–old child charged with committing a non-enumerated felony as defined in § 3–810. The Court of Special Appeals reversed the judgment, concluding that the State's Attorney did have authority under this section to file the petition. *In re: Baron C.*, 77 Md.App. 448, 550 A.2d 740 (1988). We granted the juvenile's petition for certiorari on March 6, 1989.

Section 3–810 was substantially amended by ch. 814 of the Acts of 1989, a fact apparently unknown to counsel, as well as to the Court, when the case was argued before us on June 6, 1989. The amendments to § 3–810 effectuated by ch. 814 eliminated the distinction previously drawn in that section between enumerated and non-enumerated felonies and deleted age as a determinative factor. More importantly, the amendment made clear that the State's Attorney has the power to file a delinquency petition even when the intake officer has proposed an informal adjustment of the case.

In view of the 1989 amendments to § 3–810, the case has no prospective importance. We therefore shall dismiss the petition as improvidently granted, costs to be paid by the appellant.