587  A.2d  1164

**In re KEITH G.**

**No. 838, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

April 2, 1991.

Cathleen C. Brockmeyer, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Andrew L. Sonner, State's Atty. for Montgomery County, Rockville, on the brief), for appellant.

Robert M. McCarthy, Assigned Public Defender, Bethesda (Stephen E. Harris, Public Defender, on the brief, Baltimore), for appellee.

Argued before BISHOP and ROBERT M. BELL, JJ., and LEONARD S. JACOBSON, Judge Specially assigned.

ROBERT M. BELL, Judge.

The State has noted this appeal from the judgment of the District Court of Maryland for Montgomery County, Juvenile Division, dismissing a delinquency petition charging appellee Keith G. with felony theft and related offenses. A single issue is presented for our review:

> Where the Juvenile Services Intake Officer's preliminary inquiry exceeded twenty-five days, without a court order, is dismissal of the delinquency petition the proper sanction?

Finding no error, we will affirm.

A complaint against Keith G. was filed with the Department of Juvenile Services ("DJS") on February 1, 1990. Twenty-six days later, on February 27, 1990, a conference, involving Keith G., his parents, and the intake officer, was held. Immediately following that conference, the intake officer recommended that a formal delinquency petition be filed in Juvenile Court against Keith G. That petition having been filed, Keith G. moved to dismiss it on the ground that, because a court had not authorized an extension of the time, the intake officer's recommendation was not timely filed pursuant to Maryland Cts. & Jud.Proc.Code Ann., § 3–810(d)(2). The court agreed, thus precipitating the State's appeal.

Maryland Cts. & Jud.Proc.Code Ann., § 3–810, in pertinent part, provides:

(b)(1) Except as otherwise provided in this subsection, in considering the complaint, the intake officer shall make a preliminary inquiry within 15 days as to whether the court has jurisdiction and whether judicial action is in the best interest of the public or the child. The intake officer may, after such inquiry and in accordance with this section:

(i) Authorize the filing of a petition;

(ii) Conduct a further investigation into the allegations of the complaint;

(iii) Propose an informal adjustment of the matter; or

(iv) Refuse authorization to file a petition.

\* \* \* \* \* \*

(d)(1) The intake officer may conduct a further investigation if based upon the complaint and the preliminary inquiry, the intake officer concludes that further inquiry is necessary in order to determine whether the court has jurisdiction or whether judicial action is in the best interests of the public or the child.

(2) Further investigation shall be completed and a decision made by the intake officer within 10 days, unless that time is extended by the court.

The statute makes clear that the intake officer can act without court intervention for a period of 25 days, 15 days during which he or she must conduct a preliminary investigation to determine jurisdiction and the propriety of the proceeding and 10 days during which he or she may make a further investigation. If the preliminary investigation and further investigation permitted by the statute requires more than 25 days to complete, the intake officer must within the 25 days seek an extension by the court. In this case, there is no dispute that the recommendation was made one day late and that no court extended the time for making it.

Characterizing the issue in this case as involving "not the absence of a preliminary investigation, but only the timeliness of the recommendation once the preliminary investigation was completed," the State argues that the dismissal sanction is not the appropriate one. It relies on *In re Keith W.*, 310 Md. 99, 527 A.2d 35 (1987), *In re Darryl D.*, 308 Md. 475, 520 A.2d 712 (1987) and *In re Dewayne H.*, 290 Md. 401, 430 A.2d 76 (1981). It points out that each of these cases "addressed the propriety of a sanction dismissing a delinquency petition for a violation of a time requirement within the adjudication process." The State finds *In re Steven B.*, 84 Md.App. 1, 578 A.2d 223 (1990) and *State v. In re Patrick A.*, 312 Md. 482, 540 A.2d 810 (1988), both of which it describes as "concern[ing] the dismissal of petitions where the DJS intake officer conducted little or no preliminary investigation," to be inapposite. It asserts that it was the absence of a preliminary investigation which prompted this Court in *Steven B.* and the Court of Appeals in *Patrick A.*, to dismiss the delinquency petitions in those cases.

Not surprisingly, Keith G., appellee, sees the matter somewhat differently. Acknowledging the factual dissimilarity between the case *sub judice* and in *Steven B.* and in *Patrick A.*, he argues, nevertheless, that those cases stand for a broader principle, *i.e.*, "that failure to observe the clear statutory mandate in the intake procedure directions warrants dismissal." Indeed, he argues that "[l]acking the sanction of dismissal for these errors by the State, there is potentially no curb on the State's ability to hold the juvenile (and of course, his or her parents) in thrall to the juvenile court system."

We find appellee's argument more persuasive.

*Steven B.* is the latest pronouncement by this Court on the procedural requirements of § 3–810. There, the Secretary of the Department of Juvenile Services adopted a standard policy requiring an intake officer receiving a complaint alleging that a juvenile had committed an act included within § 3–810(b)(3)(i) to "immediately authorize the filing of a petition and forward the complaint to the Office of the

State's Attorney...." 84 Md.App. at 4, 578 A.2d 223. This policy was adopted notwithstanding the provisions of § 3–810(b)(3)(i):

> If a complaint is filed that alleges the commission of a delinquent act which would be a felony if committed by an adult or alleges a violation of Article 27, § 36B of the Code, and if the intake officer denies authorization to file a petition or proposes an informal adjustment, the intake officer shall immediately:
>
> 1. Forward the complaint to the State's Attorney; and
> 2. Forward a copy of the entire intake case file to the State's Attorney with information as to any and all prior intake involvement with the child.

We rejected the State's argument that the DJS standard policy infringed only the spirit of the statute. Instead we concluded that it violated the letter of the statute as well. 84 Md.App. at 6–7, 578 A.2d 223. After we considered the purposes of the Juvenile Causes statute, we stated that "the Secretary of DJS is not free to ignore the purposes of the Juvenile Causes statute and adopt policies that are contrary to the legislative will even if those policies are considered by DJS to be more expedient." *Id.*, 84 Md.App. at 7–9, 578 A.2d 223.

Addressing the proper sanction, we stressed the obligatory language of § 3–810(b)(1) (the intake officer "shall make a preliminary inquiry within 15 days as to whether the court has jurisdiction and whether judicial action is in the best interest of the public or the child."), 84 Md.App. at 9, 578 A.2d 223, and § 3–810(b)(3)(ii) (the intake officer "must immediately forward" to the State's Attorney any matter involving a felony or handgun violation for which he or she denies authorization to file a petition or proposes an informal adjustment.), *Id.* Because "[t]he fifteen-day period during which the intake officer is required to make his or her preliminary inquiry has long since expired and had lapsed by approximately three months before the cases were called for trial in the juvenile court," we agreed that the petitions should have been dismissed. 84 Md.App. at

9–10, 578 A.2d 223. The other alternative, which we implicitly found to be unacceptable, would have required the court to "ignore the statute and legislative purpose by overruling the motion to dismiss and proceeding to trial." *Id.*

At issue in *Patrick A.* was the propriety of a State's Attorney filing delinquency petitions prior to the completion of the Intake procedures required by §§ 3–810 and 3–812.[1] Also at issue was "whether dismissal is an appropriate sanction for violation of a statute or rule" when filing a petition against a juvenile. 312 Md. at 487, 540 A.2d 810.

After reviewing the statutory scheme to discern its legislative intent and having concluded that the intake procedure prescribed for nonenumerated felonies is mandatory, the Court of Appeals held that the State's Attorney may not intentionally bypass the procedure. 312 Md. at 487–90, 540 A.2d 810. In so doing, it rejected the State's argument that "the State's Attorney has 'virtually unlimited discretion' in deciding whether to file a petition against a juvenile and therefore noncompliance with the statute, even when intentional, does not warrant a dismissal." *Id.*, 312 Md. at 486, 540 A.2d 810.

Turning to the question of the proper sanction, the Court recognized that "a statute or rule may be mandatory and yet not require dismissal as a sanction for failure to comply with its provisions," 312 Md. at 491, 540 A.2d 810, *quoting Gaetano v. Calvert County,* 310 Md. 121, 125, 527 A.2d 46 (1987), and that the issue is determined by reference to the totality of the circumstances. *Id., citing In re Keith W.,* 310 Md. at 109, 527 A.2d 35 and *In re Darryl D.,* 308 Md. at 483, 520 A.2d 712, as providing guidance in that regard. The Court then stated:

---

1. Section 3–812 provides, in pertinent part:
   (b) Petitions alleging delinquency or violation of § 3–831 shall be prepared and filed by the State's Attorney. A petition alleging delinquency shall be filed within 30 days after the receipt of a referral from the intake officer, unless that time is extended by the court for good cause shown. All other petitions shall be prepared and filed by the intake officer.

... [T]he State's Attorney may [not] intentionally ignore the required procedure in [fulfilling his role "in ensuring that a juvenile is rehabilitated so that he becomes a useful citizen and in no way a menace to society."]. 312 Md. at 491, 540 A.2d 810. The Court distinguished *Keith W.* and *Darryl D.*, as well as *In re Dewayne H.*, by noting that in those cases, neither party had control over when the proceedings were set for a hearing.[2]

The State in *Patrick A.* argued that "dismissal of the petitions does not inure to the benefit of the juveniles and 'thwarts the legislative purpose behind the Juvenile Causes Act in general and § 3–810(b) specifically,' " 312 Md. at 492, 540 A.2d 810, essentially the argument made by the State in the instant case. Responding, the Court of Appeals in *Patrick A.* said:

> The very act of intentionally bypassing the intake procedure does not inure to the benefit of the juvenile and directly contravenes the legislative scheme. To hold that the intake procedure can be ignored at the discretion of the State's Attorney would render the statutory language meaningless.

312 Md. at 492–93, 540 A.2d 810. A similar response is appropriate here: to hold that the intake officer can ignore, at his or her discretion, the time frames prescribed by the intake procedure would render that portion of § 3–810(d)(2) meaningless.

Although both *Steven B.* and *Patrick A.*, factually, involve situations where the preliminary inquiry required to be undertaken by the intake officer was not done, either because of a "standard" DJS policy or because the State's

---

**2.** In *Keith W.*, it was held that dismissal was an improper sanction when the adjudicatory hearing was not held within the time period prescribed by the Maryland Rules. 310 Md. at 109, 527 A.2d 35. Similarly, where a delinquency petition was dismissed because of the State's Attorney's lateness dismissal was inappropriate. *Darryl D.*, 308 Md. at 485, 520 A.2d 712. In *Dewayne H.*, the disposition hearing was set one day later than permitted by Rule 915a; nevertheless, the Court determined that dismissal was not the appropriate sanction. 290 Md. at 402, 430 A.2d 76.

Attorney ignored the requirement, they have significance beyond that fact. Both cases stressed that DJS and the State's Attorney's office have separate, but equally important, roles to play in a statutory scheme in which the paramount interest is the protection and rehabilitation of juveniles. Each recognizes that it is critical that input from both sources be considered, and used, rather than ignored or circumvented. Implicit in the analyses in those cases is the notion that there must be compliance with the intake procedures mandated by § 3–810. Indeed, in *Steven B.,* we made clear that "[i]n order to ensure that the best interests of the child are advocated, it is necessary that both DJS and the State adhere to the procedural requirements of § 3–810 as mandated by the General Assembly." 84 Md.App. at 7, 578 A.2d 223. More to the point, as we have seen, *Patrick A.* drew the distinction between violations of time frames when the court, rather than the parties, is in control of the process and those which occurred when the power to comply was solely in the hands of the parties, *i.e.,* the State's Attorney or DJS. In the former, dismissal is not an automatic sanction. Thus, it is *Steven B.* and *Patrick A.,* not *Keith W., Darryl D.,* and *Dewayne H.,* that control the case *sub judice.* Accordingly, we hold that the intake officer's failure to make a recommendation within the time prescribed by the statute, and without having obtained an extension of time from the court, is a violation of the statute, and that the court did not abuse its discretion in dismissing the petition.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY MONTGOMERY COUNTY.