603 A.2d 1298

**In re ANTHONY Z.**

**No. 851, Sept. Term, 1991.**

Court of Special Appeals of Maryland.

April 6, 1992.

Cathleen C. Brockmeyer, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore and Andrew L. Sonner, State's Atty. for Montgomery County, Rockville, on the brief), for appellant.

Nancy S. Forster, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellee.

Submitted before BLOOM, FISCHER and CATHELL, JJ.

FISCHER, Judge.

The State appeals from a decision of the District Court of Maryland for Montgomery County sitting as a Juvenile Court dismissing a petition alleging that Anthony Z., appellee, is a delinquent child.

The issues raised by the State in this appeal are:

1. Was the intake procedure conducted in this case in compliance with Courts and Judicial Proceedings Article, Section 3–810?

2. If not in compliance with Section 3–810, was dismissal the appropriate sanction?

On February 26, 1991, the Department of Juvenile Services (DJS) received a complaint against Anthony Z. stemming from an alleged incident which, if committed by an adult, would constitute theft of an automobile. DJS promptly wrote to Anthony's mother requesting that she contact DJS by March 7, 1991. On February 27, 1991, a letter was also sent to the alleged victim. On March 1, 1991, a DJS intake officer, Singleton Golden, spoke to the person from whom the automobile in question was allegedly taken. The property owner indicated that restitution was due and that prosecution of the case was desired. Ms. Golden spoke with Anthony Z.'s mother on March 8, 1991. Anthony's mother indicated to Ms. Golden that they were willing to pay the "deductible" in the case. At that point, Ms. Golden believed that it might be possible to recommend an informal resolution of the petition, but in order to be certain, she wished to make further investigation. Specifically, she wished to meet with Anthony in person. Thereafter, on March 13, 1991, she went to the school where Anthony was being held and interviewed him. On the same date, she decided to recommend to the State's Attorney that an informal adjustment of the case be made since Anthony told her that he was willing to make restitution. Notwithstanding her recommendation, a petition alleging that Anthony is a delinquent child was filed by the State's Attorney on April 23, 1991.

The matter came before the court on June 5, 1991. Counsel for Anthony moved to dismiss the petition on the basis that the preliminary inquiry was not completed within fifteen days. The trial court agreed and dismissed the petition. This appeal followed.

The applicable statute is Cts. & Jud.Proc.Code Ann. § 3–810 (1989 Repl.Vol.) [1] which states in pertinent part:

(a) The intake officer shall receive:

(1) Complaints from a person or agency having knowledge of facts which may cause a person to be subject to the jurisdiction of the court; and

(2) Citations issued by a police officer under § 3–835 of this article.

(b)(1) Except as otherwise provided in this subsection, in considering the complaint, the intake officer shall make a preliminary inquiry within 15 days as to whether the court has jurisdiction and whether judicial action is in the best interests of the public or the child. The intake officer may, after such inquiry and in accordance with this section:

(i) Authorize the filing of a petition;

(ii) Conduct further investigation into the allegations of the complaint;

(iii) Propose an informal adjustment of the matter; or

(iv) Refuse authorization to file a petition.

\*      \*      \*      \*      \*      \*

(d)(1) The intake officer may conduct a further investigation if, based upon the complaint and the preliminary inquiry, the intake officer concludes that further inquiry is necessary in order to determine whether the court has jurisdiction or whether judicial action is in the best interest of the public or the child.

---

1. This statute was amended on July 1, 1991. The former statute, however, applies to this case.

(2) The further investigation shall be completed and a decision made by the intake officer within 10 days, unless that time is extended by the court.

█ Appellee argues that the intake officer cannot invoke the ten day period provided by § 3–810(d) simply to extend the time available for completing his or her assigned task. On the other hand, the State contends that if the ten day period under subsection (d) cannot be utilized until the preliminary inquiry is complete and if, under subsection (d), the State can only invoke the ten day period for further investigation to determine whether the court has jurisdiction and whether judicial action is in the best interest of the child, the Department of Juvenile Services could never invoke section (d).

It is obvious that, in resolving this issue, subsections (b) and (d) must be read together and harmonized. *See Kaczorowski v. City of Baltimore,* 309 Md. 505, 510–516, 525 A.2d 628 (1987). Paragraph (b)(1) provides, in part, "[T]he intake officer shall make a preliminary inquiry within 15 days as to whether the court has jurisdiction and whether judicial action is in the best interests of the public or the child. The intake officer may, after such inquiry ... (ii) Conduct a further investigation into the allegations of the complaint." Paragraph (d)(1) states, in part, "The intake officer may conduct a further investigation if, based upon the complaint and the preliminary inquiry, the intake officer concludes that further inquiry is necessary in order to determine whether the court has jurisdiction or whether judicial action is in the best interests of the public or the child."

In the case *sub judice,* the intake officer made a preliminary inquiry and, in so doing, spoke to the juvenile's mother and the victim. She reached a conclusion that an informal adjustment was possible but decided that she needed to interview the juvenile. She promptly went to the school where the juvenile was being detained in order to conduct the interview. The interview satisfied her that an informal

adjustment was feasible, and she was prepared to make that recommendation.

The issue before us is whether the interview with the juvenile required by our decision in *In re Kevin Eugene C.*, 90 Md.App. 85, 599 A.2d 1233 (1992), must be held within 15 days or can be extended by the intake officer for an additional 10 days. In *In re Kevin Eugene C.*, 90 Md.App. at 93, 599 A.2d 1233 (emphasis added), we held that *"ordinarily* an intake interview is an essential part of the preliminary review unless the juvenile refuses to participate or is unable to participate. Absent such an interview, the intake officer may not have effectively made the preliminary inquiry required by § 3–810(c)." In *In re Lawrence D.*, 90 Md.App. 627, 635, 602 A.2d 250 (1992), we stated:

> When the intake officer cannot conduct the preliminary inquiry within the initial fifteen day period because the juvenile or his parents requests a different meeting date or is otherwise unable to attend a previously scheduled meeting, subsection (d) provides a mechanism for allowing the intake officer to expand the time limit within which he may conduct the intake interview with the juvenile.

In *In re Keith G.*, 86 Md.App. 662, 664, 587 A.2d 1164 (1991), *rev'd on other grounds*, 325 Md. 538, 601 A.2d 1107 (1992), Judge Bell writing for this Court said, "The statute makes clear that the intake officer can act without court intervention for a period of 25 days, 15 days during which he or she must conduct a preliminary investigation to determine jurisdiction and the propriety of the proceedings and 10 days during which he or she may make a further investigation." We also found dismissal of the petition to be the appropriate sanction for the intake officer's failure to complete the preliminary inquiry within 25 days. The Court of Appeals disagreed with our conclusion that dismissal was the appropriate sanction and stated:

> Section 3–810(c)(1) provides that following receipt of the complaint, the intake officer must make a preliminary inquiry within 15 days to determine jurisdiction and the

propriety of the proceeding. Section 3–810(c)(1) and (e)(2) authorize the intake officer to conduct a further investigation within 10 days, unless that time is extended by the trial court.

*In re Keith G.*, 325 Md. at 544, 601 A.2d 1107.[2]

In the instant case, we believe that the trial court construed § 3–810(d)(1) too narrowly in ruling that the interview with the juvenile must be completed within 15 days. It seems clear to us that, in reading the various provisions of § 3–810 together, the entire period allowed by the statute is available to the intake officer to complete his or her assigned task.

It appears clear that the Legislature, in enacting Section 3–810, sought to expedite juvenile proceedings insofar as possible but, recognizing that some investigations are more time consuming than others, provided for additional time to be utilized when necessary. Hence, the 15 day period provided by § 3–810(b)(1) during which the intake officer should attempt to complete the preliminary investigation, including the interview of the alleged delinquent, may be extended an additional 10 days pursuant to § 3–810(d)(1). In cases when more than 25 days may be required, paragraph (d)(2) permits the time to be extended by leave of court.

 With respect to the case under consideration, the intake officer acted promptly to meet with the juvenile's mother (presumably, the intake officer would have also met with the juvenile but the juvenile was, at that time, in the Rockville Boy's Home and was later, while the process was ongoing, transferred to the Caithness School). The intake officer (prior to our decision in *In re Kevin Eugene C.*) realized that an interview with the juvenile was necessary.

---

**2.** In *In re Keith G.,* the Court of Appeals referred to the statute as amended in 1991. As a result of the 1991 amendments, former paragraph (b)(1) now appears as paragraph (c)(1) and former subsection (d) now appears as subsection (e). No textual changes were made to these provisions.

Had the juvenile been living at home and been as available as his mother, the interview would have been possible within the initial 15 day period.

█ It seems clear to us, upon considering Sections (b) and (d) together, coupled with the facts of this case, that the actions of the intake officer were consistent with the requirements of the statute. A preliminary inquiry was conducted, but the juvenile was unable to participate due to his detention in an institution. The intake officer thereupon utilized part of the 10 day period provided by subsection (d). We find, therefore, that the District Court erred in dismissing the petition.[3]

JUDGMENT REVERSED.

COSTS TO BE PAID BY APPELLEE.

---

**3.** In light of the decision by the Court of Appeals in *In re Keith G., supra,* dismissal is an inappropriate sanction in all but the "most extraordinary and egregious circumstances."